# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3200EM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Missouri. |
| Willie Colbert, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 9, 1999

Filed:  April 1, 1999

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and STROM,[1] District
    Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.


This is a prosecution under 18 U.S.C. § 242, which imposes a criminal penalty
on anyone who, under color of state law, willfully subjects any person to the
deprivation of rights secured by the Constitution or laws of the United States.  The

_____

[1]The Hon. Lyle E. Strom, United States District Judge for the District of
Nebraska, sitting by designation.

appellant, Willie Colbert, formerly a police officer with the City of Pagedale, Missouri, was convicted under this section (as well as on a perjury count), and he appeals, arguing that the conduct in which he engaged does not meet the "color of law" requirement of the statute. Appellant also challenges some aspects of his sentence (27 months).

The District Court[2] held, after receiving a memorandum of law on the question from both sides, that defendant's conduct, to which he had stipulated, did indeed meet the "color of law" requirement. We agree and affirm the conviction and sentence. Important to this holding, among other factors, are the facts that Mr. Colbert, who admitted beating a prisoner in the city jail, used his official authority to get the prisoner out of the jail cell in order to attack him, and also threatened to arrest the prisoner every time he saw him in the future.

## I.

We need not state the facts extensively and, indeed, have little to add to the excellent opinion of the District Court. Mr. Colbert stipulated that he engaged in the following conduct: a man named Douglas Harshaw was arrested by Pagedale officers for traffic violations and placed in the city jail. Mr. Colbert, who was a corporal, was not working at the time, but he did happen to be at the jail. Mr. Harshaw made a number of statements derogatory of Mr. Colbert, who had had business dealings with Mr. Harshaw's boss. Mr. Colbert then began to threaten Mr. Harshaw, and told him that he would arrest him every time that he saw him. After Mr. Harshaw was placed in a cell, Mr. Colbert got the keys, pulled Mr. Harshaw out, and forced him down a hallway. At the end of the hallway, defendant pushed Mr. Harshaw against a wall and "repeatedly and intentionally struck Mr. Harshaw with his fist and his knees which

_____

[2]The Hon. Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

caused Mr. Harshaw to suffer bodily injury in the form of lacerations and bruises on Mr. Harshaw's face, arm and back. Defendant Colbert's blows caused Mr. Harshaw's face to bleed." Stipulation of Facts for Count I, Appellee's Addendum at 5. "Defendant Colbert intentionally returned Mr. Harshaw to the cell and locked the cell door. . . . Defendant Colbert intentionally attempted to wipe up Mr. Harshaw's blood from the hallway floor." Id. at 6.

These events took place in a restricted area of the jail. Mr. Colbert was allowed to be in the area only because of his status as a police officer. On account of this same status, he obtained a key to Mr. Harshaw's cell and had the authority to remove the prisoner. He also, of course, had the authority to make arrests.

We think these facts place the actions of the defendant well within the "color of law" requirement. According to the Supreme Court, a defendant acts under color of law when he misuses power possessed by virtue of state law and made possible only because he was clothed with the authority of state law. West v. Atkins, 487 U.S. 42, 49 (1988). That standard is more than broad enough to cover what happened here. The defendant was not on duty at the time, and his motivation was personal, not official, in that his anger at the prisoner arose from a personal cause. These facts, while certainly not irrelevant, do not alter the essence of the case. Defendant argues on appeal that mere access to a given place on account of official status does not amount to color of law. This proposition seems dubious to us, but we need not struggle with it. There was more than mere access here: not only did Mr. Colbert's status as a police officer enable him to be in the restricted area of the jail, and to open Mr. Harshaw's cell, it gave him the authority to remove Mr. Harshaw from the cell and also to threaten him with future arrest.

Defendant's best case, perhaps, is Roe v. Humke, 128 F.3d 1213 (8th Cir. 1997). Like Mr. Colbert, the officer in Roe was not on duty. On the other hand, he did not specifically invoke his status as a police officer; he was not in a place where only

officers had authority to be; and he did not threaten to use his official authority in the future. The lines here are necessarily somewhat blurred, but this case falls clearly on the other side of the line from <u>Roe</u>. In short, we have no doubt that there was a sufficient nexus between Mr. Colbert's position as a police officer and his abuse of Mr. Harshaw. The conviction for violation of 18 U.S.C. § 242, count I in the District Court, must therefore be affirmed. Conviction on count II, perjury, is not contested on appeal.

## II.

Certain aspects of sentencing are questioned by the appellant. He says he should have received a two-level reduction in his offense level for acceptance of responsibility because he pleaded guilty to count II and stipulated to the facts concerning count I. A defendant is eligible for this reduction if he or she "clearly demonstrates acceptance of responsibility for [the] . . . offense." U.S.S.G. § 3E1.1. In reviewing the District Court's decision on this point, we are mindful that the determination in question "is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation." <u>United States v. Morris</u>, 139 F.3d 582, 583 (8th Cir. 1998) (citations and quotations omitted). The judgment involved is essentially a moral one, best entrusted to the trial judge who can personally observe the defendant and gauge the quality of his repentance.

In the present case, the acceptance of responsibility was hardly complete. After stipulating to his conduct and pleading guilty, the defendant wrote a letter to the District Court in which, contrary both to the stipulation and to the plea, he denied ever striking Mr. Harshaw. The Court said at the time of sentencing:

> I don't think that the guidelines were intended to allow for a
> decrease for an individual who kind of blows hot and blows
> cold. And that's the kind of the situation we've got here,

> where someone says in one breath, "Yes, I did hit someone, but I just didn't do it under color of law" and then says, "I never struck the man at all." I don't believe that Mr. Colbert has accepted responsibility.

Sentencing Tr. 38. We agree.

Defendant also urges that the District Court erred in failing to depart downward from the range determined by the Guidelines for three reasons: (1) that as a former police officer, the defendant would be unusually susceptible to abuse in prison; (2) that Mr. Harshaw had provoked the defendant's conduct; (3) and that imprisonment would cause hardship for the defendant's three children and for the woman whom he was engaged to marry.

In Koon v. United States, 518 U.S. 81 (1996), the Supreme Court approved downward departures based on the susceptibility of a police officer to abuse in prison and on the fact that the victim of the crime had provoked the officer's criminal conduct. But in Koon, the incident in which the officer was involved had caused a torrent of national publicity, and the victim of the crime had physically threatened the officer. Here, there was no extraordinary publicity, and Mr. Harshaw never physically threatened Mr. Colbert. The District Court felt these differences justified it in refusing to depart downward. We see no abuse of discretion in these determinations.

Similarly, the defendant's family circumstances were not, in the view of the District Court, extraordinary. They did not take the case out of the "heartland" of cases in which a defendant's family is affected by his incarceration. This kind of adverse effect on a family will occur in almost every case. The District Court did not abuse its discretion in determining that the effects proved here were not out of the ordinary.

The conviction and sentence are affirmed.

-5-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.