# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3360

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Jesus Sanchez-Ramirez, | *    [UNPUBLISHED] |
| | * |
| Appellant. | * |

_____

Submitted: May 14, 2001

Filed: July 30, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and SCHREIER,[1] District Judge.

_____

PER CURIAM.

Jesus Sanchez-Ramirez appeals from the sentence imposed by the district court[2] on September 25, 2000, for his conviction, after a jury trial, of conspiracy to distribute

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846. He received a sentence of 151 months of imprisonment and four years of supervised release.

Sanchez-Ramirez argues that the district court erred when it denied him a two-level offense reduction for acceptance of responsibility under sentencing guideline 3E1.1, U.S. Sentencing Guidelines Manual § 3E1.1 (1998), contending that he should have received the reduction because of his prompt confession and disclosure of relevant information.

Section 3E1.1 provides for a two-level decrease in a defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." Id. at § 3E1.1(a). Although not generally available when a defendant exercises his constitutional right to trial, a section 3E1.1adjustment may be appropriate after a trial in some rare situations, such as those in which the defendant "goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." Id. at § 3E1.1, cmt. n.2.

"We grant the sentencing court great deference when reviewing its evaluation of a defendant's acceptance of responsibility [under section 3E1.1], and we will disturb the district court's decision only if it is without foundation." United States v. Johnson, 906 F.2d 1285, 1291 (8th Cir. 1990); see United States v. Colbert, 172 F.3d 594, 597 (8th Cir. 1999) (court's decision on acceptance entitled to great deference and should be reversed "only if it is so clearly erroneous as to be without foundation").

In this case, the district court denied Sanchez-Ramirez a section 3E1.1 reduction because it determined that Sanchez-Ramirez had not met his burden of clearly demonstrating his acceptance of responsibility for the conspiracy offense. Sentencing Tr. at 41. The court observed that Sanchez-Ramirez had "factually contested at least

some of the allegation against him at trial even though he admitted a large part of it." Id. at 42.

We discern no clear error in the court's decision to deny the reduction. Sanchez-Ramirez testified that he had performed much of the conduct with which he was charged but did so only because he felt an obligation to another defendant and because of his addiction to controlled substances. "When a defendant denies having the requisite mental state for the crime for which he was convicted, a district court is well within its discretion to determine that the defendant has failed to clearly demonstrate acceptance of responsibility for his offense." United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (internal quotation marks and alteration omitted). We have also noted that generally "[a] defendant who maintains innocence[ and] blames others . . . does not accept responsibility within the meaning of § 3E1.1." United States v. Speck, 992 F.2d 860, 863 (8th Cir. 1993). At trial, Sanchez-Ramirez contested salient facts, most notably his level of participation in the transactions and his culpability. We cannot conclude that the court clearly erred when it determined that Sanchez-Ramirez had failed to meet his burden for a section 3E1.1 reduction.

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.