**UNITED STATES of America,**

v.

**Philip A. GIORDANO.**

**No. 3:01CR216 (AHN).**

United States District Court,
D. Connecticut.

July 29, 2002.

2. Defendant Triumph Capital by motion [Doc. No. 540] adopted Defendant Spadoni's Motion to Dismiss.

Andrew B. Bowman, Law Offices of Andrew Bowman, Westport, CT, for Philip A. Giordano.

Richard A. Reeve, Sheehan & Reeve, New Haven, CT, for Guitana M. Jones.

Peter S. Jongbloed, John A. Danaher, III, John A. Marrella, U.S. Attorney's Office, New Haven, CT, for U.S.

## RULING ON MOTIONS TO DISMISS

NEVAS, District Judge.

Defendant Philip Giordano (the "Defendant") moves to dismiss all fourteen counts of the indictment against him. For the following reasons, the motions [doc. # s 90 and 94] are DENIED.

## BACKGROUND

A federal grand jury returned a fourteen count indictment against Giordano and co-defendant Guitana M. Jones on September 12, 2001. Counts one and two of the indictment allege that the Defendant, the former Mayor of Waterbury, Connecticut, while acting under color of law, deprived two children of rights and privileges secured and protected by the Constitution and laws of the United States, in violation of 18 U.S.C. § 242. Specifically, these counts allege that he deprived the children of their liberty without due process of law, including the right to be free from aggravated sexual abuse, by coercing and forcing the victims, who had not attained the age of 12 years, to engage in sexual acts with him, resulting in their bodily injury. Count three of the indictment alleges that from approximately February 24, 2001 through July 21, 2001, the Defendant and Jones conspired with one another to knowingly initiate the transmission of the names of the two victims by using facilities and means of interstate and foreign commerce, that is two cellular telephones and other telephones, knowing that the victims had not attained the age of 16 years, in violation of 18 U.S.C. § 371.

The remaining counts identify eleven separate instances in which Giordano and Jones are alleged to have knowingly initiated the transmission of the names of either victim by using cellular telephones and other telephones knowing that the victims had not attained the age of 16 years, in violation of 18 U.S.C. § 2425. Several of these alleged calls took place while the Defendant, Jones and the minor victims were physically within the state of Connecticut.

## STANDARD

Rule 7(c) of the Federal Rules of Criminal Procedure governs indictments. This rule only requires an indictment to contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." To be legally sufficient, an indictment must adequately charge the elements of an offense, fairly inform the defendant of the charges he must meet, and contain enough detail to permit the defendant to plead double jeopardy in a future prosecution based on the same set of events. *See e.g., United States v. Walsh,* 194 F.3d 37, 44 (2d Cir.1999). The Second Circuit routinely upholds the legal sufficiency of indictments that do little more than track the statutory language of the offense charged and state the approximate time and place of the alleged crime. *See id.*

An indictment does not have to set forth evidence or details of how the crime was committed. *See e.g., United States v. Carrier,* 672 F.2d 300, 303–04 (2d Cir.1982). The validity of an indictment is tested by its allegations, not by whether the government can prove its case. *See Costello v. United States,* 350 U.S. at 63. Thus, a technically sufficient indictment "is not subject to dismissal on the basis of factual questions, the resolution of which must await trial." *See, e.g., United States v. Alfonso,* 143 F.3d 772, 776–77 (2d Cir. 1998) (holding that district court erred in dismissing indictment based on sufficiency of evidence); *United States v. Paccione,* 738 F.Supp. 691, 696 (S.D.N.Y.1990). "It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence. Instead, a defendant must await a Rule 29 proceeding or the jury's verdict before he may argue evidentiary sufficiency." *United States v. Gambino,* 809 F.Supp. 1061, 1079 (S.D.N.Y.1992). For this reason, in considering a defendant's motion to dismiss an indictment, the court must be aware of claims that conflate or

confuse sufficiency of the government's evidence with sufficiency of the government's allegations.

## DISCUSSION

### I. Counts Three Through Fourteen

Counts three through fourteen of the indictment charge the Defendant with conspiracy to violate and substantive violations of 18 U.S.C. § 2425. The Defendant moves the court to dismiss counts three through fourteen for failure to state federal offenses. The Defendant argues that 18 U.S.C. § 2425 only applies to interstate cellular communications and thus does not apply in this case because the alleged cellular communications occurred entirely intrastate, that is, entirely within the state of Connecticut. The Defendant further argues that construing § 2425 as applying only to intrastate communications would be unconstitutional because Congress does not have the power under the Commerce Clause and Article 1, Section 8, Clause 3 of the Constitution to regulate purely intrastate activity. The court disagrees.

■ To be sufficient, an indictment charging a violation of § 2425 must allege the following: (1) that the defendant used the mail or any facility or means of interstate or foreign commerce; (2) that the defendant knowingly initiated the transmission of the name, address, telephone number, social security number or electronic mail address of another individual; (3) that the defendant knew that such other individual had not attained the age of 16 years; and (4) that the defendant intended to entice, encourage, offer, or solicit any person to engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so.

Despite the fact that the indictment makes such allegations, the Defendant maintains that it should be dismissed because he did not use a facility or means of interstate commerce and because the "offense objects" did not occur across state lines or within the special maritime and territorial jurisdiction of the United States.

### A. Use Of An Interstate Facility

■ In a § 2425 violation, the jurisdictional requirement, that is, the use of a facility or means of interstate or foreign commerce, is a substantive element of the offense charged. Because this element is intermeshed with the "general issue" of whether the defendant violated the statute, it is ordinarily not appropriately decided on a motion to dismiss. See United States v. Alfonso, 143 F.3d 772, 777 (2d Cir.1998); United States v. Ayarza–Garcia, 819 F.2d 1043, 1048 (11th Cir.1987) ("When a question of federal subject matter jurisdiction is intermeshed with questions going to the merits, the issue should be determined at trial. . . . . This is clearly the case when the jurisdictional requirement is also a substantive element of the offense charged.") (quoted in Alfonso, 143 F.3d at 777); see also, United States v. Doe, 63 F.3d 121, 125 (2d Cir.1995) ("A defendant is only entitled to raise in pretrial motions a 'defense, objection, or request which is capable of determination without the trial of the general issue.'") (quoting F.R.Crim. P. 12(b)).

■ The exception to this general principle regarding pretrial motions relating to the "general issue" is where the government has made a full proffer as to the evidence it will present to satisfy a particular element. See Alfonso, 143 F.3d at 777. Unless the government has made such a proffer, it is inappropriate for the court to entertain a motion challenging the sufficiency of the evidence at the pretrial stage. See id.

■ The government has made no such proffer in this case. Though the government did indicate some of the evidence it would present to support the jurisdictional element in its written response to the Defendant's motion and at oral argument, this limited preview of the government's case can in no way be construed as a full proffer on this element. Thus, a ruling on the jurisdictional element of the § 2425 counts is premature at this stage of the case.

However, in passing, the court notes that recent Second Circuit precedent would support denial of the Defendant's motions. In *United States v. Gil,* 297 F.3d 93 (2d Cir.2002), the Second Circuit examined a challenge to a mail fraud conviction where the defendant used Federal Express to deliver intrastate mailings in furtherance of a scheme to defraud. Like the Defendant here, Gil argued that an amendment to the statute in question ran afoul of the Commerce Clause "because it criminalize[d] conduct that takes place entirely intrastate and that has no substantial effect on interstate commerce." *Gil,* 297 F.3d at 99–100.

The *Gil* court looked at the three areas identified by the Supreme Court in *United States v. Lopez* as activities that Congress may regulate pursuant to the Commerce Clause: (1) the channels of interstate commerce; (2) the instrumentalities of interstate commerce; and (3) activities that substantially affect interstate commerce. *See U.S. v. Lopez,* 514 U.S. 549, 558–59, 115 S.Ct. 1624, 131 L.Ed.2d 626. The Second Circuit determined that it is not necessary to find a substantial effect on interstate commerce when Congress regulates activities under one of the first two *Lopez* categories. The Second Circuit stated that "private and commercial interstate carriers, which carry mailings between and among states and countries, are instrumentalities of interstate commerce, notwithstanding the fact that they also deliver mailings intrastate." *Gil,* 297 F.3d at 99–100. Thus, the court held that "intrastate mailings sent or delivered by private or commercial interstate carriers, is a permissible exercise of Congress's power under the second *Lopez* category." *Id.* at 100–01. The Tenth Circuit used similar reasoning with respect to telephones when it held that intrastate telephone communications that had been used to arrange meetings where defendants acted in violation of the securities laws satisfied the jurisdictional requirement of the relevant statute and rule because "as long as the instrumentality itself is an integral part of an interstate system, Congress has power, when necessary for the protection of interstate commerce, to include intrastate activities within its regulatory control." *See Kerbs v. Fall River Indus., Inc.,* 502 F.2d 731, 738 (10th Cir.1974) (finding that) (*abrogated on other grounds, Central Bank of Denver N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994)) (quoted in *Gil*).

■ Here, as in *Gil,* the focus is on the nature of the instrumentalities, not how they were used. The telephones are analogous to the commercial carrier in *Gil* and telephones in *Kerbs* and, just as those commercial carriers were deemed to be an instrumentality of interstate commerce, the cellular telephones are also instrumentalities of interstate commerce. They are part of a larger interstate network, and even though the calls at issue were intrastate, they were made through an interstate facility. As such, there would be a sufficient basis for the jurisdictional element of the § 2425 charges.

### B. *The "Offense Objects"*

The court also finds no merit to the Defendant's claim that subject matter jur-

isdiction is lacking because (1) the "offense objects" identified in the indictment, that is, aggravated sexual abuse, sexual abuse, sexual abuse of a minor and abusive sexual conduct, did not occur within the special maritime and territorial jurisdiction of the United States and (2) neither the Defendant nor Ms. Jones crossed state lines to commit the "offense objects." [1]

■ Section 2425 criminalizes the use of a facility or means of interstate commerce to "knowingly initiate[ ] transmission" of, *inter alia,* the name of a minor "with the intent to entice, encourage, offer, or solicit any person to engage in any sexual activity for which any person can be charged with criminal offense, or attempts to do so." 18 U.S.C. § 2425. The sexual offenses need not even occur for the statute to apply. It is the use of the means or facility of interstate commerce to transmit the information about the minor that comprises the federal offense. *See United States v. Kufrovich,* 997 F.Supp. 246, 256 (D.Conn.1997), *rejected on other grounds by United States v. Griffith,* 284 F.3d 338 (2002). The "sexual activity for which any person can be charged with a criminal offense" describes the intent element of the statute. *See id.* (finding that similar language in § 2422 is "merely a description of the intent element" of the statute).

The court holds that the indictment sufficiently alleges offenses in violation of 18 U.S.C. § 371 and 2425. Accordingly, counts three through fourteen will not be dismissed.

II. *Counts One and Two*

■ Counts one and two of the indictment charge violations of 18 U.S.C. § 242, alleging deprivation of rights under color of law. The statute, in relevant part, states that "[w]hoever, under color of any

law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States shall be [guilty of an offense] ...." In order to convict the Defendant under this statute, the Government must prove: (1) that on or about the date alleged, the Defendant acted under color of law; (2) that the conduct of the Defendant deprived the victim of a right secured or protected by the United States Constitution, which, in this case, is the right to personal bodily integrity; (3) that the Defendant acted willfully; and (4) that the Defendant's acts resulted in bodily injury to the victim. *See United States v. Lanier,* 520 U.S. 259, 264, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)

The Defendant contends that counts one and two should be dismissed as a matter of law because those counts are void under the Due Process Clause as they seek to punish conduct for which there is no jurisdictional basis. Specifically, the Defendant argues that (1) the alleged minor victims do not have a federally protected right to be free of "aggravated sexual abuse and sexual abuse" because that right can only exist within the special maritime and territorial jurisdiction of the United States or where the defendant has crossed state lines to commit such sexual abuse; (2) the Defendant did not "act under color of law" in allegedly committing the acts; and (3) the charges are deficient in their constitutionally required specificity.

Defendant's argument that there is no federally protected right to be free of aggravated sexual abuse and sexual abuse outside the special maritime and territorial jurisdiction of the United States or unless there has been a crossing of state lines is

---

1. Defendant raised this argument by supplemental motion [doc. # 94].

mistaken. Not only does the Defendant fail to provide any legal authority for this argument, he also erroneously argues that the jurisdictional requirements of aggravated sexual abuse under § 2241 apply to this case. The defect in his argument, however, is that he has not been charged with a violation of § 2241 or any other offense under Chapter 109A of Title 18 of the United States Code. Accordingly, the specific jurisdictional requirements of offenses in that chapter are not applicable.

■■■■ For purposes of § 242, an offense with which the Defendant has been charged, the focus is on the constitutionally-protected right, not the alleged criminal activity. The Fourteenth Amendment provides individuals with a right to bodily integrity. *See id.,* 520 U.S. at 262, 117 S.Ct. 1219; *Washington v. Harper,* 494 U.S. 210, 221, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990); *see also, id.* at 237, 110 S.Ct. 1028, (J. Stevens, dissenting) ("Every violation of a person's bodily integrity is an invasion of his or her liberty."). Embodied in this concept of bodily integrity is the right to be free from "unauthorized and unlawful physical abuse" at the hands of the state by a state official acting or claiming to act under color of law, when the alleged conduct is of such a nature as to "shock one's consc[ience]." *Lanier,* 520 U.S. at 262, 117 S.Ct. 1219 (alteration in original).

■■■■ This right also includes the right to be free from certain sexually motivated physical assaults and coerced sexual activity. *See Lanier,* 520 U.S. at 262, 117 S.Ct. 1219; *United States v. Lucas,* 157 F.3d 998 (5th Cir.1998) (determining appropriate sentencing guideline for defendant, the warden of a county jail, who pleaded guilty to a violation of § 242 for depriving victim of the "right to be free of unwanted sexual intercourse"); *Rogers v. Little Rock,* 152 F.3d 790, 796 (8th Cir.1998) (finding that

§ 1983 plaintiff can establish a due process violation based on mental coercion even absent physical force); *Jones v. Wellham,* 104 F.3d 620, 628 (4th Cir.1997) (describing this due process right as "protection against unreasonable bodily intrusions by state actors" in discussing a claim based on abusive sexual conduct in a state facility); *Johnson v. Cannon,* 947 F.Supp. 1567 (M.D.Fla.1996) (finding that victim's claim that sheriff's deputy raped her at her residence after a traffic stop alleged a violation of substantive due process right to bodily integrity).

■■■■ The second argument advanced by the Defendant is that the alleged acts were not committed under color of law. Acting under color of law is a requirement for prosecution under § 242. *See* 18 U.S.C. § 242.

■■■■ Although acting in pursuit of personal matters is not conduct under color of law, an official's action need not remain within the precise bounds of his or her legal authority in order to constitute action under color of law. *See Screws v. United States,* 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945) ("Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."). An individual acts under color of law when he or she engages in "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); *see also, United States v. Colbert,* 172 F.3d 594 (8th Cir.1999); *United States v. Tarpley,* 945 F.2d 806, 809 (5th Cir.1991); *Henry v. Cagle,* 482 F.2d 137, 139 (6th Cir.1973). Acting under color of law can also be acting under "pretense" of law. *See Screws,* 325 U.S. at 111, 65 S.Ct. 1031.

As alleged in the indictment, at all times during the commission of the unlawful acts, the Defendant served as the Mayor of Waterbury. He carried an official badge, drove an unmarked police car bearing license plate "1–WBY" and used cellular telephones provided by the City of Waterbury. The government maintains that the Defendant used his position as Mayor to coerce and force the minors to engage in the alleged sexual acts. The government further alleges that a number of the incidents of abuse occurred in the Mayor's office at City Hall. The government also states that material remaining under seal provides further support for the position that the Defendant acted under color of law.

The court need not delve into that sealed material in order to determine whether the indictment properly alleges that the offenses took place while Defendant acted under color of law. Though at first blush it would appear that the offenses charged were of a personal nature and were not committed in the Defendant's official capacity, the indictment provides sufficient support on its face to withstand a challenge at the pretrial stage that the Defendant did not act under color of law. The Defendant is asking the court to pass on the sufficiency of the government's evidence. The court need not and will not do so at this time. The indictment properly alleges a violation of § 242.

Finally, the Defendant argues that counts one and two lack the required constitutional specificity in that the indictment does not indicate the particular sexual acts allegedly involved in the offenses. The court disagrees.

As previously discussed, Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." As the Supreme Court noted, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). The Second Circuit has repeatedly held that an indictment need do little more than track the language of the statute. *See United States v. Pirro*, 212 F.3d 86, 92 (2d Cir.2000); *Alfonso*, 143, F.3d at 776; *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) ("[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.").

The indictment in the instant case is sufficient to put the Defendant on notice of the charges against him and would allow him to plead former jeopardy in any future proceeding based on this same set of events. The indictment tracks the language of the statute and identifies the victims, the nature of the alleged offenses and the approximate time period during which the alleged offenses occurred. This is sufficient to withstand a motion to dismiss.

The Defendant has failed to persuade the court that counts one and two of the indictment are deficient or have been improperly charged. Thus, counts one and two will not be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss all counts of the indictment are DENIED.