# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1546

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Dammeon Binion, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: December 14, 2004
Filed: May 23, 2005

_____

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

The government charged Dammeon Binion with being a felon in possession of a firearm. The magistrate judge granted Binion's request for a mental evaluation and ordered Binion to be transported to the nearest medical facility. Binion admittedly feigned symptoms of a mental illness. Binion entered into a straight guilty plea without the benefit of a plea agreement. Binion objected to the presentence investigation report recommendation that (1) two points be added to his base offense level for obstruction of justice and (2) Binion should not receive a reduction for

acceptance of responsibility. The district court[1] denied Binion's objections, added a two-level increase to Binion's range for obstruction of justice, and refused to grant a reduction for acceptance of responsibility. The district court sentenced Binion to seventy-eight months, to be followed by twenty-four months of supervised release. Binion appeals and raises several sentencing issues, including the district court sentenced him in violation of United States v. Booker, 125 S. Ct. 738 (2005), and the district court erred in enhancing his offense level based on a finding of obstruction of justice and refusing to reduce his offense level for acceptance of responsibility. We affirm.

## I.    Background

Police officers received a dispatch call for a "man with a gun." The officers received a second call indicating Binion had left the residence in a car. The officers located and stopped Binion. The officers found a pistol in the side panel of the driver's door and arrested Binion.

The probation office issued a petition to revoke Binion's supervised release. At the subsequent hearing, Binion waived his right to a hearing on the allegations set forth in the petition. The district court revoked Binion's supervised release and sentenced him to seven months imprisonment, followed by twenty months of supervised release.

After Binion served his supervised release revocation, the government charged Binion with being a felon in possession of a firearm. After an evidentiary hearing on Binion's pretrial motions, the magistrate judge recommended denying Binion's

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

motion to suppress evidence. The district court adopted the magistrate judge's recommendation and denied Binion's motion.

Binion filed a pro se motion requesting a mental examination "to determine the competency and extent the defendant is able to assist properly in his defense." The magistrate judge held a hearing on Binion's motion. The magistrate judge granted Binion's request for a mental evaluation and ordered Binion to be transported to the nearest medical facility.

Binion was transferred to a medical facility and Dr. James K. Wolfson evaluated Binion for a few months. During his evaluation period, Binion took several psychological tests, which were administered and interpreted under the supervision of Dr. Richart L. DeMier. Dr. DeMier concluded Binion did not respond to the questions in a forthright manner and severely exaggerated his problems. Dr. DeMier concluded Binion was likely malingering if his behavior was not consistent with the characteristics demonstrated by the test results. Dr. Wolfson concluded Binion has no present mental illness and his reports of past symptoms are not particularly plausible. Dr. Wolfson noted Binion's dishonesty is likely a means of recreation and Binion does not appear to be carefully planning his false complaints for a specific material gain.

The parties were unable to reach an acceptable plea agreement, and Binion entered into a straight guilty plea without the benefit of a plea agreement. The presentence investigation report recommended two points be added to Binion's base offense level for obstruction of justice, noting Binion obstructed justice by requesting a labor-intensive, time-consuming, costly evaluation by fabricating a mental illness. The presentence investigation report recommended Binion should not receive a reduction for acceptance of responsibility, because, other than his guilty plea, Binion has not accepted responsibility for his criminal conduct as evidenced by his fabrication of mental illness. Binion objected to the presentence investigation

report's two-point enhancement and lack of reduction for acceptance of responsibility.

The district court held an evidentiary and sentencing hearing. Dr. Richard Wetzel testified about the significance of Dr. Wolfson's conclusion that Binion's feigning symptoms did not warrant a formal diagnosis of malingering. The district court concluded that Binion feigned mental illness to get the doctors to diagnose him as having a mental illness, which would have impacted the course of the prosecution. The district court denied Binion's objections to the presentence investigation report. The district court added a two-level increase to Binion's range for obstruction of justice. The district court refused to decrease Binion's range, because, the court noted, Binion had not accepted responsibility. The district court sentenced Binion to seventy-eight months, to be followed by twenty-four months of supervised release. Binion appealed.

## II.    Discussion

Binion argues the district court erred in violation of Booker by enhancing his offense level based on a finding that he obstructed justice by feigning a mental illness. Binion objected to the facts underlying the Booker issue (the two-level enhancement based on the finding that Binion obstructed justice by feigning a mental illness). Binion's objection did not preserve the Booker issue, because he did not couple his objection with a specific reference to Apprendi, Blakely, or the Sixth Amendment; therefore, our review of Binion's Booker issue is for plain error. See United States v. Pirani, No. 03-2871, 2005 WL 1039976 at *4 (8th Cir. Apr. 29, 2005) (noting that a defendant must couple an objection with a specific reference to Apprendi, Blakely, or the Sixth Amendment in order to preserve the Booker error).

To meet the plain error test, Binion must show (1) error, (2) that is plain, (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732-36 (1993).

If all three conditions are met, we may exercise our discretion to notice a forfeited error only if the error also seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

As Pirani noted, it "is undisputed that the first two Olano factors are satisfied here. The district court (understandably) committed Booker error by applying the Guidelines as mandatory, and the error is plain, that is, clear or obvious, at this time." Pirani, 2005 WL 1039976 at *4. In order for Binion to show the error affected his substantial rights, he "must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Id. at *6.

We have carefully reviewed the appellate record and determine that Binion cannot show the error affected his substantial rights as he cannot show a reasonable probability he would have received a more favorable sentence. We affirm.

Binion next argues the district court erred in assessing a two-level enhancement for obstruction of justice. Binion claims the district court ignored the psychiatrist's conclusion that there was insufficient evidence that Binion intended to influence the outcome of his case. We review de novo the district court's application of the guidelines to the facts and review the district court's factual findings for clear error. United States v. Bustos Flores, 362 F.3d 1030, 1037 (8th Cir. 2004).

Binion filed a pro se motion for a mental evaluation claiming his hallucinations (and mental problems) were interfering with his ability to assist in his defense. Binion's motion requested a mental examination "to determine the competency and extent the defendant is able to assist properly in his defense." Binion then, according to his own expert, faked symptoms of mental illness. Binion now claims he must have had the specific intent to obstruct or impede justice for the obstruction of justice increase to be applicable. Binion does not dispute he knowingly feigned mental

illness, but claims his intent in faking mental illness was to amuse himself and not to impact his underlying case.

The facts support the district court's conclusion that Binion obstructed justice by faking a mental illness to impact his case. As noted above, Binion filed a pro se motion requesting a mental evaluation for the purpose of determining his competence to proceed to trial. The magistrate judge ordered Binion to undergo a mental examination to determine his competency. Dr. Wolfson informed Binion that the mental evaluation was to determine if he was capable to proceed to trial. Clearly, Binion was aware of the purpose of the mental evaluation, as the court, medical personnel, and (presumably) his attorney informed Binion of the purpose of the evaluation. Binion demonstrated his knowledge of the purpose of the mental evaluation in his pro se motion, in which he requested an evaluation to determine his competency and extent he is able to assist in his defense. The district court did not err in enhancing Binion's offense level by finding Binion attempted to obstruct or impede his prosecution by faking a mental illness in order to be found unable to assist in his own defense.

Finally, Binion argues the district court erred in declining to reduce his offense level for acceptance of responsibility. Binion also argues the district court erred in finding it could not give a reduction for acceptance of responsibility because the government had not filed a motion requesting the reduction. Absent clear error, we will not disturb a district court's decision to either award or deny an acceptance of responsibility reduction. United States v. Colbert, 172 F.3d 594, 597 (8th Cir. 1999). The sentencing guidelines commentary provide that "[c]onduct resulting in an enhancement [for obstructing or impeding the administration of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." United States Sentencing Guidelines Manual § 3E1.1, cmt. n.4 (2001) & (2003). As noted above, we have determined that the district court did not err in assessing points to Binion's base offense level, therefore we also determine that the district court did

not err in refusing to reduce Binion's offense level for acceptance of responsibility. We affirm.

## III. Conclusion

Affirmed.

_____