**UNITED STATES of America,**
**Appellee, cross-appellant,**

v.

**Richard P. ADELSON, Defendant–**
**Appellant, cross-appellee.**

**Nos. 06–2738–cr(L), 06–3179(XAP).**

United States Court of Appeals,
Second Circuit.

Aug. 16, 2007.

Raymond J. Lohier, Jr., Assistant United States Attorney (Alexander H. Southwell, Katherine Polk Failla, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee, cross-appellant.

Mark S. Arisohn, Labaton Sucharow & Rudoff, LLP (Jonathan Gardner, on the brief), New York, N.Y., for Defendant–Appellant, cross-appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Richard P. Adelson appeals from a June 6, 2006 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.* ) convicting him of one count of conspiracy, one count of securities fraud, and three counts of filing false statements with the Securities and Exchange Commission ("SEC"). Appellee United States of America ("Government") cross-appeals from the district court's imposition of a forty-two month sentence of incarceration. *See United States v. Adelson,* 441 F.Supp.2d 506 (S.D.N.Y.2006).[1] We affirm the judgment of conviction. We hold the Government's sentencing challenge in light of *United States v. Gall,* 446 F.3d 884 (8th Cir.2006), *cert. granted,* —— U.S. ——, 127 S.Ct. 2933, 168 L.Ed.2d 261 (2007), which deals with similar issues and which the Supreme Court is scheduled to hear on October 2, 2007.

I. The District Court Did Not Err in Giving the Jury a "Conscious Avoidance" Charge

■ We review jury instructions *de novo.* *Hudson v. New York City,* 271 F.3d 62, 67 (2d Cir.2001). "A jury charge is erroneous if it misleads the jury as to the correct legal standard, or if it does not adequately inform the jury of the law." *Hathaway v. Coughlin,* 99 F.3d 550, 552 (2d Cir.1996).

A conscious avoidance instruction "permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact"—in other words, it allows a jury to "find[ ] . . . knowledge even where there is no evidence that the defendant possessed actual knowl-

edge." *United States v. Ferrarini,* 219 F.3d 145, 154 (2d Cir.2000). A conscious avoidance instruction may be appropriate "[e]ven when the government attempts to prove actual knowledge." *United States v. Jacobs,* 117 F.3d 82, 98 (2d Cir.1997). Such an instruction should only be given, however, if "(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists." *Ferrarini,* 219 F.3d at 154 (internal citation omitted). The latter requires that there be evidence sufficient to allow a rational juror to conclude "beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *Id.* (internal alterations, quotation marks, and citation omitted).

Here, the first prong of the *Ferrarini* test is not in dispute; Adelson has consistently denied knowledge of the unlawful objectives of the alleged conspiracy. The second prong of the *Ferrarini* test—the existence of the appropriate factual predicate—is also satisfied, because there was evidence (1) that Adelson repeatedly heard about Impath's inability to meet its projections and declining performance, (2) that he spoke with multiple people about the revenue variance, (3) that he received documents that were created for the very purpose of showing him the revenue variance, and (4) that, nevertheless, throughout the relevant time period, Adelson continued to report record results to the SEC and the public. He avoided learning how these suspicious results were achieved, evidence suggests, by waving away queries, dismissing those who asked too many questions, and refusing to read documents

---

1. The district court stated its reasons for the sentence imposed during the sentencing hearing on May 30, 2006; it issued a supplementary sentencing memorandum on July 23, 2006, to aid us in our review. This memorandum was properly made part of the record on appeal. *See United States v. Nichols,* 56 F.3d 403, 411 (2d Cir.1995).

that detailed the fraud and its implications. Based on this evidence, a reasonable juror could conclude that Adelson's "failure to question the suspicious circumstances establishes ... purposeful contrivance to avoid guilty knowledge." *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir.2003) (internal quotation marks and citation omitted).

## II. The District Court Did Not Err in Denying Adelson's Motions to Dismiss the Government's Charges of Filing False Documents with the SEC.

■ We review *de novo* the District Court's decision to deny Adelson's motions (one made before trial and one made after) to dismiss the Government's charges of filing false documents with the SEC. *United States v. Fernandez–Antonia*, 278 F.3d 150, 156 (2d Cir.2002). A criminal defendant is entitled to an indictment that is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c). "This requirement ... fulfills the Sixth Amendment right 'to be informed of the nature and cause of the accusation;' it prevents a person from being subject to double jeopardy as required by the Fifth Amendment; and it serves the Fifth Amendment protection against prosecution for crimes based on evidence not presented to the grand jury." *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir.1999) (quoting U.S. Const. amend. VI).

An indictment that complies with certain "basic principles of fundamental fairness" satisfies both the U.S. Constitution and Rule 7(c). *Russell v. United States*, 369 U.S. 749, 765–66, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). For example, "[i]t is well settled that 'an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an ac-

quittal or conviction in bar of future prosecutions for the same offense.' " *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir.1998) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). We have also stated that "[w]hen an indictment delineates the elements of a charged offense, however concisely, the underlying concerns of proper pleading ... may be further promoted by a bill of particulars," *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992), and that an indictment should "be read to include facts which are necessarily implied by the specific allegations made," *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir.2002) (internal quotation marks omitted).

The indictment in this case clearly meets our standard. After specifically describing how Adelson learned of and became involved in the fraud, the Government alleged that Adelson "unlawfully, willfully, and knowingly, made and caused to be made statements in reports and documents required to be filed with the SEC ... which ... were false and misleading with respect to material facts," in violation of 15 U.S.C. §§ 78m(a), 78ff, 17 C.F.R. § 240.13a–1, and 18 U.S.C. § 2. The indictment went on to name specific filings and specific dates. Other portions of the indictment—such as charts showing revenue overstatements for particular fiscal periods and paragraphs describing what Adelson knew about the revenue variance at particular times—indicated which figures in each document were allegedly false and misleading. The Government's pretrial letter of July 1, 2005 (issued pursuant to Judge Rakoff's June 3, 2005 order) also added more particular detail, stating that "the Government currently alleges that the financial results, including ... revenue, accounts receivable, and related performance figures, are fraudulent." *See United States v. Bernstein*, 533 F.2d 775, 786–87

(2d Cir.1976) (holding that the "indictment as amplified by the bill of particulars made clear to the appellants what was the nature and cause of the Government's case and gave them ample opportunity to prepare their defense").

Moreover, the indictment fairly informed Adelson "of the charge against which he [had to] defend" because, tracking the language in the underlying statutes, it "contain[ed] the elements of the offense charged" and "stat[ed] the time and place (in approximate terms) of the alleged crime." *Alfonso,* 143 F.3d at 776 (internal quotation marks and citation omitted); *Stavroulakis,* 952 F.2d at 693. And while the indictment did not point to specific pages and lines of each SEC filing, its terms were far from generic: It identified eight specific filings on eight specific dates. *See Bernstein,* 533 F.2d at 786–87 (upholding the sufficiency of an indictment where, even though the indictment did not identify precise statements alleged to be false, it identified particular false documents in which allegedly false statements appeared).

Furthermore, our court has "repeatedly refused, in the absence of any showing of prejudice, to dismiss ... charges for lack of specificity." *Walsh,* 194 F.3d at 45 (internal quotation marks and citation omitted) (alteration in original). Adelson points to no evidence of prejudice. Indeed, his acquittal on five of the eight counts of false filing in itself suggests the absence of prejudice.

### III. Adelson Has Failed to Substantiate His Claim of Retroactive Misjoinder

■ At trial, Adelson was acquitted of the Government's two counts of proxy fraud, but he claims that these charges— or, more precisely, the allegedly "inflammatory" evidence submitted in support of them—infected his trial with prejudice. Essentially, Adelson alleges retroactive misjoinder, a term that "refers to circumstances in which the 'joinder of multiple counts was proper initially, but later developments—such as a district court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions—render the initial joinder improper.'" *United States v. Hamilton,* 334 F.3d 170, 181 (2d Cir.2003) (quoting *United States v. Jones,* 16 F.3d 487, 493 (2d Cir.1994)). Retroactive misjoinder may not be invoked unless the defendant "show[s] compelling prejudice." *United States v. Vebeliunas,* 76 F.3d 1283, 1293 (2d Cir.1996) (internal quotation marks and citations omitted).

Adelson has alleged "prejudicial spillover" from evidence introduced to support a count on which he was ultimately acquitted to a count on which he was convicted. But "[t]he absence of such spillover is most readily inferable where," as here, "the jury has convicted a defendant on some counts but not on others." *Hamilton,* 334 F.3d at 183. Such a verdict indicates "that the jury was able to distinguish between counts ... and to assess separately the evidence pertinent to each," leaving "no basis for concluding that a new trial was warranted because of prejudicial spillover." *Id.*

Moreover, "[i]n cases where the vacated and remaining counts emanate from similar facts, and the evidence introduced would have been admissible as to both, it is difficult for a defendant to make a showing of prejudicial spillover." *United States v. Wapnick,* 60 F.3d 948, 954 (2d Cir.1995). Here, the counts of acquittal (soliciting proxies with false proxy statements) and the counts of conviction (false filings with the SEC) were similar in nature: Both alleged that Adelson misled the public as to the company's financial state and failed to comply with reporting requirements. And, as Judge Rakoff noted, much of the allegedly "inflammatory" evidence, pur-

portedly introduced to support the proxy fraud counts, "would come in independently on the issue of motive." In the absence of any evidence of "compelling prejudice," we find unpersuasive Adelson's claim of retroactive misjoinder.

We have considered all of the arguments that Adelson has raised on appeal, and we find them without merit. We therefore AFFIRM the judgment of the district court convicting Adelson of conspiracy, securities fraud, and filing false statements with the SEC. We hold the Government's cross-appeal, challenging the reasonable-ness of Adelson's sentence, in light of the Supreme Court's pending decision in *United States v. Gall,* 446 F.3d 884 (8th Cir. 2006), *cert. granted,* —— U.S. ——, 127 S.Ct. 2933, 168 L.Ed.2d 261 (2007). If conditions change, or if the Supreme Court does not issue its judgment in *Gall* by the end of the year, the parties may move to this panel for reconsideration of our decision to hold the cross-appeal.