08-4131-cr (CON)
U.S. v. Perez, et al.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2008

Heard: April 27, 2009                    Decided: August 3, 2009

Docket Nos. 08-4131-cr (CON),08-4905-cr (CON)
08-4924-cr (CON)

- - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,
        Appellee,

        v.

ANGEL PEREZ, GLEN CUMMINGS, and
ELIZABETH TORRES,
        Defendants-Appellants.
- - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, POOLER, and PARKER, <u>Circuit Judges</u>.

Appeal from the August 20, 2008, and October 6, 2008, judgments of the United States District Court for the Eastern District of New York (Carol B. Amon, District Judge), convicting Defendants-Appellants of various offenses, including obstruction of justice, in violation of 18 U.S.C. § 1512. Their convictions arise out of an episode involving use of force by former corrections officers against a prisoner at the Metropolitan Detention Center in Brooklyn, New York. The Appellants allege primarily that the evidence was insufficient to establish that their obstruction occurred in the course of an "official proceeding" within the meaning of section 1512.

Judgments affirmed.

Edward S. Zas, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant-Appellant Perez.

Joseph J. Ferrante, Hauppauge, N.Y., for Defendant-Appellant Cummings.

Allan Laurence Brenner, Long Beach, N.Y., for Defendant-Appellant Torres.

Sarah Coyne, Asst. U.S. Atty., Brooklyn, N.Y. (Benton J. Campbell, U.S. Atty., David C. James, Robert M. Radick, Justin D. Lerer, Asst. U.S. Attys., Brooklyn, N.Y., on the brief), for Appellee.

JON O. NEWMAN, Circuit Judge.

This appeal from criminal convictions of three federal corrections officers primarily concerns interpretation of the phrase "official proceeding" as used in 18 U.S.C. § 1512 punishing obstruction of justice. The principal issue is whether the procedures employed by the Federal Bureau of Prisons ("BOP") to investigate incidents involving use of force by BOP staff upon prisoners and to determine adherence to BOP policy constitute an "official proceeding" within the meaning of section 1512. This issue arises on an appeal by Angel Perez, Glen Cummings, and Elizabeth Torres from the August 20, 2008, and October 6, 2008, judgments of the United States District Court for the Eastern District of New York (Carol B. Amon, District Judge), convicting them, after a jury trial, of various offenses

-2-

including obstruction of justice in violation of 18 U.S.C. § 1512.[1] The Defendants challenge the sufficiency of the evidence to support the "official proceeding" element of subsection 1512(c)(2). We conclude that the procedures of the BOP qualify as an "official proceeding" for purposes of section 1512 and that the evidence of these procedures was sufficient, and we therefore affirm.

## Background

The three Defendants are all former corrections officers at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. They were convicted on charges relating to their roles in the April 11, 2006, assault on MDC inmate Kenneth Howard and the cover-up of that beating.

The jury was entitled to find the following facts. On April 11, 2006, Perez, Torres, and Cummings, along with other officers, responded to a body alarm activated by a corrections officer who was injured in an altercation with inmate Howard. The responding officers put Howard in handcuffs and transported him from his unit to the MDC's Special Housing Unit ("SHU"). As Howard was being escorted into the

---

[1]The appeal of Salvatore Lopresti, who was indicted for an unrelated episode in the same indictment that charged Perez, Cummings, and Torres, and who was convicted in a separate trial, is disposed of by a summary order filed this date. See United States v. Lopresti, No. 08-3787.

elevator, Corrections Officer Jamie Toro tripped him and threw him face down to the floor of the elevator. While Howard was down, Cummings stomped on his back, shoulders, and neck, while Perez and Torres watched. Then Torres intervened, pushed Cummings off of Howard, and told everyone to move away from the elevator. After order was eventually restored, Howard, who suffered several lacerations and bruises, was transported to the SHU.

The BOP conducts an investigation after every use of force by a staff member on an inmate at the MDC. See U.S. Dep't of Justice, Federal Bureau of Prisons, "Program Statement," No. P5566.06 "Use of Force and Application of Restraints" (Nov. 30, 2005) ("BOP Use of Force Program Statement"). The investigation starts with the preparation of a "Use of Force Report." Id. ¶ 14(a). At the MDC, this report is usually prepared by an MDC lieutenant and compiled with the relevant portion of the lieutenant's log, a "use of force memorandum" written by each corrections officer involved in the incident, and background information on the inmate. Once the paperwork is completed, the Use of Force Report and other materials are forwarded to an After-Action Review Committee, composed of the Warden, the Associate Warden (responsible for correctional services), the Health Services Administrator, and a captain. See id. ¶ 15. The After-Action Review Committee is required to "determine if policy was adhered [to]" and complete an "After-Action Report" indicating its "findings," see

-4-

id., and "decide if the matter requires further investigation," see id. ¶ 15(c). The Warden may refer the matter for further investigation to the Department of Justice's Office of Inspector General ("DOJ/OIG"), the BOP's Office of Internal Affairs, or the Federal Bureau of Investigation. See id.

The jury was entitled to find that Perez and Cummings gave false accounts of the incident in their use of force memoranda, and that Torres did so in her use of force memorandum as well as the Use of Force Report. Specifically, these Defendants falsely stated that Howard had become combative outside the elevator and "was placed on the ground" by the officers. After videotape of the incident was recovered, the matter was referred to the DOJ/OIG for investigation. That investigation, in turn, ripened into this criminal proceeding.

Cummings, Torres, and Perez were convicted on a count charging that they "did knowingly, intentionally and corruptly obstruct, influence and impede, and attempt to obstruct, influence and impede, an official proceeding, to wit: a BOP investigation into the use of force against John Doe at the MDC on April 11, 2006," in violation of 18 U.S.C. § 1512(c)(2). Cummings was also convicted on a count charging him with depriving another of civil rights in violation of 18 U.S.C. § 241, but does not challenge this conviction on appeal.

The sentences include prison terms of 36 months for Cummings, 15

months for Torres, and 9 months for Perez, plus three years of supervised release for all three Defendants.


## Discussion

### I. Scope and Standards of Review

<u>Sufficiency of evidence.</u>  The Government contends that the Defendants' challenge to the sufficiency of the evidence is not available for review because it should be viewed as a claim alleging a defect in the indictment under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, which is waived if not asserted in a motion to dismiss the indictment before trial.  According to the Government, "[t]he crux of [the Defendants'] argument is that the conduct alleged in Count Three was improperly charged as the obstruction of an 'official proceeding' under § 1512 and should instead have been charged as the obstruction of an 'investigation' under § 1519."

The Defendants, however, had no basis to challenge the sufficiency of the indictment before trial because it met the basic pleading requirements and was valid on its face.  The defect of which the Defendants complain is the sufficiency of the Government's proof of the elements of the offense it chose to charge in the indictment. As we have stated, "Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . the sufficiency of the evidence is not appropriately

–6–

addressed on a pretrial motion to dismiss an indictment." United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998).

The Government also argues that because the outcome of this appeal hinges in part on a question of law concerning the meaning of the statutory term "official proceeding," the appeal does not really concern the sufficiency of the evidence. But as Perez correctly responds, "A challenge to the sufficiency of the evidence always requires a court to compare the Government's proof against the statutory elements, properly understood." It is not unusual for a court to review sufficiency challenges that turn on the meaning of a statutory term. See, e.g., Cuellar v. United States, 128 S. Ct. 1994, 2002-03 (2008) (concluding that evidence that petitioner concealed money during transportation was insufficient to sustain his conviction under the federal money laundering statute, because the language of the statute cannot be satisfied by "merely hiding funds"); Bailey v. United States, 516 U.S. 137, 142-43, 150-51 (1995) (holding that the evidence was insufficient to support the defendant's convictions for using a firearm in violation of 18 U.S.C. § 924(c)(1) only because the word "use," properly construed, did not embrace mere possession of a firearm, but rather required "active employment" of a weapon).

As to the standard of review, the Government argues that even if the Court chooses to review the Defendants' sufficiency challenge, the claim is subject only to plain error, rather than de novo, review

because it was not properly preserved in the District Court. However, since we conclude below that the sufficiency challenge is without merit even under de novo review, we need not resolve the dispute as to the applicable standard of review.

Jury charge. The parties agree that we should review the claimed error in the jury charge under plain error review because none of the Defendants preserved the error below.

## II. Sufficiency of Evidence as to "Official Proceeding"

The Defendants' sufficiency challenge turns on the meaning of the phrase "official proceeding" in section 1512(c). This provision, which was enacted as part of the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 1102, 116 Stat. 745, 807 (2002), provides:

> (c) Whoever corruptly-
>
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c) (2006).

Congress defined the term "official proceeding" for the purposes of sections 1512 (and 1513) as follows:

> (1) the term "official proceeding" means—

-8-

(A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;

(B) a proceeding before the Congress;

(C) a proceeding before a Federal Government agency which is authorized by law; or

(D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce[.]

18 U.S.C. § 1515(a)(1).

Thus, our issue becomes whether the Defendants' false statements occurred in "a proceeding before a Federal Government agency which is authorized by law." The Defendants do not dispute that the BOP procedures required in the aftermath of every use of force by BOP staff upon an inmate are "authorized by law." See 28 C.F.R. §§ 0.96(o); 552.22(j), 552.27. They contend, however, that the other proceedings covered by subsection 1515(a)(1), particularly court and congressional proceedings, indicate that an "official proceeding," for purposes of subsection 1512(c)(2), is one in which a witness is directed to appear and testifies under oath. The Government appears to contend that any official investigation, or at least the type of inquiry required by the BOP's Use of Force Program Statement, satisfies the requirement of an "official proceeding."

Several appellate decisions bear on, but do not precisely decide, our issue. In <u>United States v. Gonzalez</u>, 922 F.2d 1044 (2d Cir. 1991), a defendant, accused of killing a confidential informant of the Drug Enforcement Administration ("DEA"), challenged his conviction under subsection 1512(a)(1)(C) on the ground of improper venue under 18 U.S.C. § 1512(i) (formerly § 1512(h)). Subsection 1512(a)(1)(C) punishes use of force to prevent communication about a federal offense to a law enforcement officer of the United States. Unlike subsection 1512(c)(2), under which the Defendants in the pending appeal were charged, subsection 1512(a)(1)(C) makes no reference to an "official proceeding." However, section 1512(i) (formerly section 1512(h)), the venue provision for section 1512, authorized venue "in the district in which the official proceeding . . . was intended to be affected." In <u>Gonzalez</u>, the killing and prosecution had occurred in the Eastern District of New York, but the DEA investigation in which the informant was participating had occurred in the Southern District of New York. We upheld venue, stating that "we read the term 'official proceeding' broadly in order to effect Congress' purpose in passing [the Victim and Witness Protection Act]." <u>Id</u>. at 1056.

On the other hand, in <u>United States v. Gabriel</u>, 125 F.3d 89 (2d Cir. 1997), <u>abrogated on other grounds by</u> <u>Arthur Andersen, LLP v. United States</u>, 544 U.S. 696 (2005), we stated in dicta that, although the issue had not been raised by the defendant, if the jury had

"concluded that [the defendant's] sole intent was to interfere with [an] FBI investigation," then the jury "would have been compelled to find [the defendant] innocent" of witness tampering under 18 U.S.C. § 1512(b) because a "government investigation" was not included in the definitions of "official proceeding" contained in subsection 1515(a)(1). See id. at 105 n.13.

Moreover, in United States v. Ramos, 537 F.3d 439 (5th Cir. 2008), the Fifth Circuit recently invalidated the convictions of two Border Patrol agents for violating subsections 1512(c)(1) and (2) by falsely covering up their misconduct in the course of a Border Patrol internal, informal investigation. The Fifth Circuit ruled that "an internal informal investigation, in its most preliminary stages, of employee violations of an agency policy is not an 'official proceeding' within the meaning of § 1512(c)." Id. at 463.

In the pending appeal, we need not choose between the venue ruling in Gonzalez, the dicta in Gabriel, and the holding in Ramos, or the competing arguments the parties derive from case law interpreting the related obstruction statute, 18 U.S.C. § 1505, entitled "Obstruction of proceedings before departments, agencies and committees."[2] Whether or not agency investigations in general can

---

[2]Section 1505 punishes the corrupt obstruction of "the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States." 18

satisfy the "official proceeding" element of subsection 1512(c)(1), we conclude that the particular procedures required by the BOP's Use of Force Program Statement suffice to support a conviction under that subsection. The Program Statement, which was in evidence, contemplates more than a preliminary investigation; it sets forth a detailed process of review and decision-making. After a Use of Force Report is prepared, a review panel of senior officials, including the Warden and the Associate Warden, is convened and required "to determine if policy was adhered [to], and complete the standard After-Action Report (BP-E586), indicating the nature of the review and findings." BOP Use of Force Program Statement ¶ 15 (emphases added). The panel "should also decide if the matter requires further investigation," id. ¶15(c) (emphasis added), in which event the matter may be referred for higher level review.

Because the review panel must "determine" if there has been a violation of BOP policy, must make "findings," and may "decide" to refer the matter to senior departmental authorities, its work is sufficiently formal to satisfy the "official proceeding" element of subsection 1512(c)(1). Obstructing the work of a body of senior officials, charged with such quasi-adjudicative responsibilities, fits comfortably within the category of conduct proscribed by section 1512. For purposes of section 1512, "an official proceeding need not be

U.S.C. § 1505.

-12-

pending or about to be instituted at the time of the offense," 18 U.S.C. § 1512(f), and the BOP proceedings that were required to be instituted in every instance of use of force on a prisoner were foreseeable at the time of the Defendants' obstruction.  The Defendants' challenge to the sufficiency of the evidence was properly rejected.

III. Jury Instruction on "Official Proceeding"

The Defendants contend that even if the evidence sufficed to support their convictions, a new trial would still be required because the jury instructions were erroneous.  They acknowledge, that, in the absence of an objection, our review is only for plain error. "[B]efore an appellate court can correct error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Thomas, 274 F.3d 655, 667 (2d Cir. 2001) (in banc) (citations and internal quotation marks omitted) (alterations in original).

In its charge to the jury the district court defined the term "proceeding" as follows:

> The term "proceeding" is defined broadly to include all of the steps and stages in the performance by a government agency of its government functions.  It includes investigations as well as other administrative functions,

-13-

like adjudications. The modifier "official" merely means that the steps and stages constituting the proceeding are taken in the course of conducting business that the agency is legally authorized to conduct.

Although this portion of the charge may well have been too expansive, any error cannot be considered "plain" in view of the language this Court used in <u>Gonzalez</u>.  Although we have declined to regard that language as dispositive of this appeal, it understandably pointed the District Court toward the formulation included in the jury charge. Under "plain error" review, the jury instruction does not require a new trial.

## Conclusion

The judgments are affirmed.