**UNITED STATES of America, Appellant,**

**v.**

**Ruben ALFONSO and Feli Gomez, Defendants–Appellees.**

**Docket No. 98–1019.**

United States Court of Appeals, Second Circuit.

Argued March 5, 1998.

Decided May 14, 1998.

Thomas A. Arena, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney, Joshua G. Berman, Craig A. Stewart, Assistant United States Attorneys, New York City, on the brief), for Appellant.

Jesse M. Siegel, Siegel & Heilbrun, New York City, for Appellee Feli Gomez.

Patrick Joyce, Fasulo, Friedson & Joyce, New York City, for Appellee Ruben Alfonso.

Before: OAKES, NEWMAN, and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

Defendants Ruben Alfonso and Feli Gomez were indicted on October 14, 1997 for conspiracy to commit a robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 ("Count One"),[1] and for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)[2] and 2[3] ("Count Two"). The United States District Court for the Southern District of New York (Robert L. Sweet, *Judge*) dismissed Count One of the indictment on the grounds that "the Government has not adduced sufficient facts to establish a nexus between the robbery allegedly committed by Alfonso and Gomez and any obstruction of interstate commerce." The district court in turn dismissed Count Two because the allegedly flawed Count One was a necessary predicate to the firearm charge. Because we conclude that Count One of the indictment is facially valid, and that in the circumstances presented a challenge to the sufficiency of the evidence is not appropriately decided on a pretrial motion to dismiss, we reverse the order of the district court dismissing the indictment and releasing defendants from pretrial detention, and we remand with instructions to reinstate the indictment in its entirety.

## I.

Defendants were arrested on September 25, 1997 pursuant to a criminal complaint alleging that defendants had "conspired to commit robbery ... and would thereby have

---

1. 18 U.S.C. § 1951 provides, in pertinent part:

   (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

2. 18 U.S.C. § 924(c) provides, in pertinent part:

   Whoever, during and in relation to any crime of violence ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years.

3. 18 U.S.C. § 2 provides, in pertinent part:

   (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

obstructed, delayed and affected commerce and the movement of articles and commodities in commerce" in violation of the Hobbs Act. Specifically, the complaint alleged that, according to a confidential source, defendants learned in March 1997 "that Apartment 3B at 1838 Vyse Avenue, Bronx, New York ... contained a quantity of cocaine and money" and conspired with others "to rob the apartment and its inhabitant of the cocaine and money." The complaint further alleged that, according to a "victim eyewitness," in the early morning of March 25, 1997, three men attacked the resident of Apartment 3B (referred to in the complaint as "Victim 2"); after forcing their way into his apartment, one of the attackers struck Victim 2 in the head with a gun, causing lacerations that required seven stitches. A passerby (referred to in the complaint as "Victim 1") also allegedly reported having been grabbed by the attackers and held at gunpoint while they ransacked Apartment 3B. Victim 2 allegedly told police that he saw the attackers remove money from his wallet. According to the complaint, Victim 1 subsequently identified defendants from a police photographic array.

Defendants were indicted by the grand jury on October 14, 1997 on the Hobbs Act and firearm counts.[4] On December 3, 1997, defendants filed a motion to dismiss the indictment. They argued that Count One of the indictment should be dismissed on the grounds that the Supreme Court's decision in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), rendered the Hobbs Act facially unconstitutional, and, in the alternative, that the Hobbs Act was not intended by Congress to protect commerce in illegal commodities, such as narcotics.

In an order dated January 8, 1998, the district court rejected both arguments, concluding that they were foreclosed by controlling precedents of this Court. Nevertheless, the district court granted the motion to dismiss the indictment. It dismissed Count One on the basis that the government had "failed to satisfy the jurisdictional requirement of the Hobbs Act," a theory not advanced by defendants in their motion to dismiss, and neither briefed nor argued by any of the parties. The district court explained the basis for this ruling as follows:

[T]he Government has not adduced sufficient facts to establish a nexus between the robbery allegedly committed by Alfonso and Gomez and any obstruction of interstate commerce. The complaint alleges that Alfonso and Gomez, with their third accomplice, took money from the wallet of Victim [2] amounting to less than $100. The Government has not alleged any facts that indicate that Victim [2] was engaged in interstate commerce, or that these funds were to be used in a business owned by Victim [2]. A confidential informant told the police that Alfonso and Gomez believed the [apartment at] 1838 Vyse contained cocaine and money. It is not charged that the victims of the robbery were drug dealers, or affirmatively alleged that cocaine or money used to purchase and distribute drugs were the subject of the theft. Application of the Hobbs Act to a simple robbery, however brutal, would render the jurisdictional element of the Act a nullity

---

4. The indictment, in its entirety, read as follows:
   *Count One*
   The Grand Jury charges:
   1. On or about March 25, 1997, in the Southern District of New York, RUBEN ALFONSO and FELI GOMEZ, the defendants, and others known and unknown, unlawfully, wilfully and knowingly conspired to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, the robbery at gunpoint at 1838 Vyse Avenue, Apartment 3B, Bronx, New York, and thereby obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)
   *Count Two*
   The Grand Jury further charges:
   2. On or about March 25, 1997, in the Southern District of New York, RUBEN ALFONSO and FELI GOMEZ, the defendants, unlawfully, wilfully and knowingly used and carried firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit, the robbery at gunpoint at 1838 Vyse Avenue, Apartment 3B, Bronx, New York, charged in Count One of this Indictment.
   (Title 18, United States Code, Sections 924(c) and 2.)

and negate the "first principles" of federalism recently cited by *Lopez*.

Having dismissed Count One of the indictment, the district court dismissed Count Two because—absent Count One—defendants were no longer charged with a "crime of violence ... for which [they could] be prosecuted in a court of the United States," a necessary element of the § 924(c) offense charged in Count Two of the indictment.[5]

On January 9, 1998, the government sought and was granted permission to move for reconsideration of the district court's order dismissing the indictment. That same day, the district court heard, and denied, the government's oral motion for reconsideration. The court also granted defendants' motion for release from pretrial detention but stayed execution of the release order until January 14, 1998 to allow the government to pursue a further stay of the release order from this Court, pending an appeal of the order dismissing the indictment. On January 14, 1998, this Court issued a temporary stay of the release order until we could hear oral argument on the government's motion for a further stay pending appeal of the order dismissing the indictment. On January 20, 1998, we granted the government's motion for a stay of the release order, and we scheduled an expedited appeal of the district court's order dismissing the indictment. The stay remains in effect, and defendants remain in pretrial detention.

## II.

■ We have jurisdiction to hear this appeal under 18 U.S.C. § 3731.[6] Because the district court's dismissal of the indictment raises questions of law, our review is *de novo. See United States v. Morgan*, 51 F.3d 1105, 1110 (2d Cir.1995).

As an initial matter, we note that the district court correctly rejected the grounds urged by defendants for dismissal of Count One of the indictment. Defendants' argument that the Supreme Court's decision in *United States v. Lopez* rendered the Hobbs Act unconstitutional was rejected by this Court in *United States v. Farrish*, 122 F.3d 146 (2d Cir.1997), in which we upheld a Hobbs Act conviction in the face of a *Lopez* challenge. *See id.* at 148–49. As for defendants' suggestion that the Hobbs Act applies only to interstate commerce in *legal* commodities, we have likewise previously held, in *United States v. Jones*, 30 F.3d 276 (2d Cir. 1994), that "[i]t is of no moment ... that the commodity traveling in interstate commerce is illegal under federal law.... [T]he Hobbs Act is not confined either by its language or its legislative history to require some effect on goods traveling legally in interstate commerce." *Id.* at 286.

■ Having properly rejected these arguments, the district court nevertheless dismissed Count One of the indictment on the ground that the government had "failed to satisfy the jurisdictional requirement of the Hobbs Act." On appeal, the government counters that, to survive a motion to dismiss, it need only establish that the indictment is valid on its face. It argues that the indictment handed down by the grand jury in this case is sufficient and that the case should go to trial, where the government will be put to its proof on every element of the charged

---

5. In the district court, defendants had argued in the alternative that Count Two of the indictment should be dismissed because of an alleged pleading error. Specifically, defendants suggested that Count Two should have cited the "conspiracy to commit robbery" alleged in Count One as the predicate "crime of violence" triggering criminal liability under § 924(c). Instead, the indictment merely refers to "the robbery at gunpoint at 1838 Vyse Avenue ... charged in Count One." Defendants argued that since they were not charged with robbery, but rather with conspiracy to commit robbery, Count Two was improperly pleaded. The district court did not address the validity of this alternative ground for dismissal, because the dismissal of Count One necessarily compelled the dismissal of Count Two.

6. 18 U.S.C. § 3731 provides, in pertinent part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

Hobbs Act offense, including the jurisdictional element.

■ It is well settled that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). We have explained that an indictment must "charge[ ] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.1992). Nevertheless, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* (internal quotation marks omitted).

We have no doubt that Count One of the indictment in the instant case meets these basic pleading requirements by accurately stating the elements of the offense charged and the approximate time and place of the robbery that defendants allegedly conspired to commit, thereby providing sufficient detail to allow defendants to prepare a defense and to invoke the protection of the Double Jeopardy Clause of the Fifth Amendment against any subsequent prosecution for the same offense. The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do" shall be subject to criminal prosecution. 18 U.S.C. § 1951(a). The Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence." *Id.* § 1951(b)(1). Count One of the indictment tracks this statutory language and alleges that defendants "conspired to commit robbery, as that term is defined [in the Hobbs Act]," and that they "thereby obstructed, delayed and affected commerce and

the movement of articles and commodities in commerce." In addition, the indictment specifies the time and place of the robbery that defendants are alleged to have conspired to commit. The robbery is said to have occurred "[o]n or about March 25, 1997 ... at 1838 Vyse Avenue, Apartment 3B, Bronx, New York."

The indictment does not specify what it was that defendants allegedly conspired to steal or precisely how the conspiracy would have affected interstate commerce. Rather, it alleges in conclusory terms that defendants conspired to commit robbery and thereby affected interstate commerce. We have never held that an indictment alleging a violation of the Hobbs Act must specify the precise nature of the effect upon interstate commerce that the government intends to prove at trial, and we decline to do so now. *Accord United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir.1995) ("Although the indictment contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact, ... the indictment was sufficient as written.") (Hobbs Act); *United States v. Williams*, 679 F.2d 504, 509 (5th Cir.1982) ("An indictment which alleges the interstate commerce element of a federal offense in conclusory terms, without setting forth evidentiary detail, is not insufficient.") (Hobbs Act); *cf. United States v. McCarty*, 862 F.2d 143, 145–46 (7th Cir.1988) (holding that indictment under federal firearm statute need not specify precise effect on interstate commerce) (18 U.S.C. § 922(g)). The indictment in this case is sufficiently specific to permit defendants to prepare their defense and to bar future prosecutions for the same offense. It is therefore valid on its face.

■ To the extent that the district court looked beyond the face of the indictment and drew inferences as to the proof that would be introduced by the government at trial to satisfy the Hobbs Act's jurisdictional element, we hold that, in the circumstances presented, such an inquiry into the sufficiency of the evidence was premature. Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the

jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.

Rule 12(b) of the Federal Rules of Criminal Procedure, governing pretrial motions, provides that "[a]ny defense, objection, or request which is capable of determination *without the trial of the general issue* may be raised before trial by motion" (emphasis added). "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." *United States v. Doe,* 63 F.3d 121, 125 (2d Cir.1995). In the case of a Hobbs Act prosecution, the requirement of an effect on interstate commerce is itself an element of the offense charged, and the determination of whether the jurisdictional element has been satisfied is part and parcel of the inquiry into the "general issue" of whether the statute has been violated. For this reason, ordinarily a challenge to the sufficiency of the evidence satisfying the jurisdictional element of the Hobbs Act is not appropriately decided on a motion to dismiss. "[W]hen a question of federal subject matter jurisdiction is intermeshed with questions going to the merits, the issue should be determined at trial.... This is clearly the case when the jurisdictional requirement is also a substantive element of the offense charged." *United States v. Ayarza–Garcia,* 819 F.2d 1043, 1048 (11th Cir.1987) (holding that sufficiency of evidence satisfying jurisdictional element of federal narcotics trafficking statute was not properly addressed on pretrial motion to dismiss); *see United States v. Nukida,* 8 F.3d 665, 669–70 (9th Cir.1993) (holding in Federal Anti–Tampering Act case that "[i]nasmuch as [the defendant's] arguments

before the district court challenged the government's ability to prove that her actions affected commerce, her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense").

Although we upheld a district court's dismissal of an indictment for failure to satisfy the jurisdictional element of the federal arson statute in *United States v. Mennuti,* 639 F.2d 107 (2d Cir.1981), in that case the government had filed an affidavit making a full proffer of the evidence to be presented at trial. *See* 639 F.2d at 108 & n. 1. By comparison, in the instant case, defendants' motion to dismiss did not even raise the issue of whether the government could meet its burden of establishing an effect on interstate commerce. The issue was raised for the first time by the district court *sua sponte* in its ruling granting the motion to dismiss, and the government made no detailed presentation of the entirety of the evidence that it would present to a jury. The government's brief statement during oral argument on its motion for reconsideration that it could prove defendants conspired to steal money and "a quantity of cocaine that was more than a personal use amount" cannot fairly be described as a full proffer for purposes of a pretrial ruling on the sufficiency of the evidence.[7] Accordingly, in the circumstances presented, we hold that the district court erred in dismissing Count One of the indictment.

## III.

Because we find that Count One of the indictment in this case is valid on its face,

7. While the formal consent of both parties would not be required for the district court to undertake a pretrial determination of the sufficiency of the jurisdictional evidence where the government has made a sufficient proffer to permit such a ruling, it bears noting that in some cases the government may actually favor such a pretrial ruling. If the district court questions the sufficiency of the evidence satisfying the jurisdictional element of an offense, the government may prefer a pretrial ruling on the issue since that would permit an immediate appeal from a ruling adverse to the government. In the absence of a pretrial ruling, the government faces the risk that the court may ultimately grant a motion to acquit, pursuant to Federal Rule of

Criminal Procedure 29, for failure to satisfy an element of the offense, in which case the government would have no opportunity to appeal. *See United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978) ("A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed."). It may therefore be to the government's advantage to make a full proffer and to obtain an appealable pretrial determination of the sufficiency of the evidence on the jurisdictional element. Nevertheless, in the instant case the government did not make a full proffer, and maintains on appeal that the district court erred in ruling upon the sufficiency of the evidence.

778

and that in the circumstances presented a pretrial ruling on the sufficiency of the evidence with respect to the Hobbs Act's jurisdictional element was not appropriate, we reverse the district court's order and remand to the district court with instructions to reinstate the indictment in its entirety. Insofar as defendants challenged the sufficiency of Count Two of the indictment on alternative grounds not addressed by the district court, these alternative grounds for dismissal of Count Two are appropriately addressed by the district court in the first instance on remand. In light of our reinstatement of the indictment in this case, we also reverse the order of the district court insofar as it ordered that defendants be released from pretrial detention.

The cause is remanded for proceedings consistent with this opinion.