MEMORANDUM-DECISION and ORDER
 

 MUNSON, Senior District Judge.
 

 Currently before the court is defendant Kenneth Lazore’s “motion for dismissal of charges,” which the Government opposes. Although defendant styles his motion as one to dismiss his 1995 indictment, it appears that his papers are inartfully pled and dismissal of the indictment is not be the relief he seeks. Rather than addressing the sufficiency or fairness of that instrument, defendant contends that the Government lacked jurisdiction to effect his recent arrest and asks to be returned to the Saint Regis Mohawk Indian Reservation (“the Akwesasne Reservation”) in Canada. For the reasons that follow, the court denies defendant’s motion.
 

 BACKGROUND
 

 On July 26, 1994, defendant pled guilty to count one of Indictment 94-CR-262, which alleged that he and others conspired to possess, manufacture and transfer machine guns and to yemove their serial numbers, all in violation of 18 U.S.C. § 371. Defendant received a sentence of fifty-seven months, but was allowed to remain at liberty pending an April 11, 1995 report date. He did not report to federal prison as ordered. On September 28, 1995, following the issuance of a warrant for his arrest, defendant was indicted under the instant criminal index number for his failure to report under 18 U.S.C. § 3146(a)(2). He remained at large for almost four years.
 

 Authorities presumed he was in Canada, possibly in his home on that portion of the Akwesasne Reservation located in Snye, Quebec, Canada. The Akwesasne Reservation is the ancestral home of the Mohawks, one of the Six Nations of the Iroquois Confederacy. Located adjacent to the St. Lawrence River in New York’s north country and the Canadian provinces of Ontario and Quebec, it is unlike other
 
 *203
 
 reservations because it is bisected by the international boundary between the United States and Canada. On the American side, local law enforcement is conducted by the Saint Regis Mohawk Tribal Police Department. A similar entity patrols its Canadian side.
 

 On August 14, 1999, Saint Regis Mohawk Tribal Police Department Officer Belson Herne received a radio dispatch informing him that an anonymous caller had reported that defendant was present on the American side of the Akwesasne Reservation, near aptly named Border Line Road. According to his affidavit, Herne drove to where defendant had been sighted, parked and exited his car. He observed defendant, who was using a weed wacker near a building. When defendant noticed Herne, defendant slowly began walking toward his truck. After Herne yelled defendant’s name, however, defendant threw down his weed wacker and began running toward the vehicle.
 

 Herne maneuvered to cut defendant off from his truck, after which defendant made a run for the border. Herne followed. At Border Line Road, Herne caught up to defendant and tackled him. Both men landed in a ditch on the north side of the road, which is on the Canadian side of the Akwesasne Reservation. After a ten to fifteen minute struggle, Herne managed to pin defendant on Border Line Road. Despite some additional interference from defendant’s son and brother, with the help of another officer, Herne eventually arrested defendant.
 

 Defendant does not challenge Herne’s version of events, but instead contends that his arrest was
 
 illegal
 
 — ie., because Herne’s pursuit led him to Canada, Herne lacked jurisdiction to effectuate any arrest — and submits that the circumstances surrounding his arrest were outrageous and tantamount to kidnaping. The Government characterizes these allegations as much too sensational, and also notes that even if an abduction occurred, the Supreme Court has permitted arrests in situations far more “outrageous” than that which has been alleged here.
 

 The court addresses these arguments
 
 seriatim.
 

 DISCUSSION
 

 If defendant’s instant motion
 
 is
 
 one to dismiss Indictment 95-CR-338, it fails.
 

 A motion to dismiss an indictment must meet a high standard. It is beyond dispute that “an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.”
 
 (Hamling v. United States,
 
 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). “[T]he sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment,”
 
 United States v. Alfonso,
 
 143 F.3d 772, 777 (2d Cir.1998), therefore the court accepts as true the facts alleged in the Indictment and determines only whether the Indictment is “valid on its face.”
 
 (Costello v. United States,
 
 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). Defendant has not challenged his 1995 indictment in any regard, accordingly his motion for “dismissal of charges” fails
 
 ab initio.
 

 As to his claim that the Government did not have jurisdiction to arrest him, even if the court accepts the substantially uncontested sequence of events detailed in Herne’s affidavit in a light most favorable to defendant, his request to be returned to Canada likewise fails. Defendant alleges he was brought to the United States in violation of the Treaty on Extradition, Dec. 3, 1971, U.S.-Can., T.I.A.S. No. 8237 (entered into force Mar. 22, 1976), and the Protocol Amending the Treaty on Extradition, Jan. 11, 1988, U.S.Can., S. Treaty Doc. No. 101-17 (1990) (entered into force on Nov. 26, 1991) (together, the “Treaty”). As the Government notes, the Supreme Court’s decision in
 
 *204
 

 United States v. Alvarez-Machain,
 
 504 U.S. 655, 112 S.Ct. 2188, 119 L.Ed.2d 441 (1992), puts this argument to rest. In
 
 Alvarez-Machain,
 
 our nation’s highest tribunal considered the issue of “whether a criminal defendant, abducted to the United States from a nation with which it has an extradition treaty, thereby acquires a defense to the jurisdiction of this country’s courts.”
 
 Id.
 
 at 657, 112 S.Ct. 2188. The Court answered the question negatively, reasoning that to prevail on an extradition treaty claim, a defendant must demonstrate, by reference to the express language of a treaty and (or) the established practice thereunder, that the United States affirmatively agreed not to seize foreign nationals from the territory of its treaty partner. Defendant cannot make such a showing because the Treaty contains no express prohibition against non-treaty abduction, wherefore his claim must fail.
 

 CONCLUSION
 

 After careful review of the foregoing, defendant’s motion to dismiss is DENIED. IT IS SO ORDERED.