**UNITED STATES of America,**

v.

**Radcliffe BROWN, Defendant.**

**No. 03 CR. 1255(VM).**

United States District Court,
S.D. New York.

June 15, 2004.

Scott Marrah, U.S. Attorney Office, Criminal Div., New York, NY, for U.S.

Dawn M. Cardi, Dawn M. Cardi and Assoc., New York, NY, Philip L. Weinstein, Legal Aid Society, New York, NY, for defendant.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Radcliffe Brown ("Brown") was named in a three-count indictment charging him with possession of narcotics and a weapon (the "Indictment"). Brown has filed a motion pursuant to Federal Rule of Criminal Procedure 12(b)(2) to dismiss the second count in the Indictment ("Count Two"), which charges that Brown used and carried a firearm in relation to and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (" § 924(c)(1)(A)"). For the reasons discussed below, the motion is denied.

### I. BACKGROUND [1]

The facts in this case are not in dispute. On September 22, 2003, the police responded to an emergency telephone call reporting an assault. The police arrested Brown after the victim identified him as the assailant. A subsequent search of a shopping bag Brown was carrying revealed that it contained approximately .53 kilograms of marijuana, a scale, a pair of scissors, plastic packaging, a knife, a firearm, and additional ammunition. Among other charges, Brown was indicted for using and carrying a firearm in relation to and in furtherance of a drug trafficking offense.

### II. DISCUSSION

#### A. THE LEGAL SUFFICIENCY OF THE INDICTMENT

Brown moves for dismissal of Count Two on the grounds that he did not "use" a firearm and that "the Government does not have prima facie evidence that Mr. Brown carried a firearm 'in relation to' or 'in furtherance of' a drug trafficking crime" as proscribed by § 924(c)(1)(A). (Def. Mem. at 3–7.) That provision makes it illegal for "any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm...." 18 U.S.C. § 924(c)(1)(A).

Brown's motion, however, fails to identify any legal defect in the Indictment with respect to Count Two. Brown's arguments focus solely on the standard that the Government must meet to convict him under the statute and on the sufficiency of the evidence in the record to satisfy this standard. The Court finds such arguments premature and inapposite to a challenge of the sufficiency of an indictment.

Under the applicable standard, the Court need not rule on the legal sufficiency of the evidence at this early stage in the proceedings, but rather, need only focus on the legal sufficiency of the Indictment itself without looking any further. *See United States v. Alfonso,* 143 F.3d 772, 777 (2d Cir.1998). As the United States Supreme Court has stated: "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Thus, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged

---

1. The factual summary herein is derived from the following documents: (1) Memorandum of Law in support of Pretrial Motion to Dismiss Count II, dated May 5, 2004, with accompanying exhibits ("Def.Mem."); and (2) Government's Letter in Opposition, dated May 28, 2004.

crime, . . . ." *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir.1975). Furthermore, an indictment need not set forth evidence or details of how the alleged crime was committed. *See United States v. Carr*, 582 F.2d 242, 244 (2d Cir.1978); *United States v. Bernstein*, 533 F.2d 775, 786 (2d Cir.1976).

■ Under this minimal standard, the Court finds that Count Two is facially valid because it contains the elements of the offense charged and fairly informs Brown of the accusation against which he must defend. Furthermore, Count Two adequately enables Brown to claim double jeopardy in any possible future prosecutions for the same offense.[2] Because the Court finds that Count Two is legally sufficient, Brown's motion is denied.

### B. *THE SUFFICIENCY OF THE GOVERNMENT'S EVIDENCE*

■ Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b)(2). However, "[i]t is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence." *United States v. Gambino*, 809 F.Supp. 1061, 1079 (S.D.N.Y.1992); *see also Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956) ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence[,] . . . [t]he result of such a rule

would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury."); *United States v. Myers*, 635 F.2d 932, 941 (2d Cir.1980) ("Normally, an indictment is not subject to dismissal on the ground that there was 'inadequate or incompetent' evidence before the grand jury.") (citation omitted).

With these principles in mind, Brown's challenge to the Government's evidence or anticipated evidence against him with regard to Count Two fails because at this stage in the proceedings the Government is only required to proffer minimal evidence. *See Alfonso*, 143 F.3d at 777 ("[S]ufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."). Nothing demands that the Indictment contain all of the Government's anticipated evidence at trial, nor is there any indication that the Government has yet produced all its discovery in this case. For these reasons, it would be improper for the Court to determine the sufficiency of the Government's evidence at this time.

By denying the present motion, the Court is not depriving Brown of an opportunity to challenge the sufficiency of the Government's evidence. Brown is not precluded from moving for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 after the Government has presented all its evidence at trial, at which time the Court will determine whether "the evidence is insufficient to

---

**2.** Count Two of the Indictment reads:
   The Grand Jury charges:
   2. On or about September 22, 2003, in the Southern District of New York, RADCLIFFE BROWN, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offense charged in Count One of the Indictment, unlawfully, willfully and knowingly used and carried a firearm, and in furtherance of such crime possessed a firearm, to wit, BROWN possessed and carried a loaded 9mm Interarms semiautomatic pistol.
   (Def. Mem. at Ex. B.)

sustain a conviction." Fed.R.Crim.P. 29(a). Thus, "Rule 29 is the proper mechanism [for Brown] to guard against unsubstantiated charges going to the jury." *United States v. Gotti,* No. S4 02 Cr. 743, 2004 WL 32858, at \*2 (S.D.N.Y. Jan.6, 2004) (citation omitted). Accordingly, Brown's motion to dismiss Count Two is denied.

### III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of defendant Radcliffe Brown to dismiss the second count in the Indictment in this case is DENIED.

**SO ORDERED.**