**UNITED STATES of America**

v.

**Kevin R. WELLS, Defendant.**

**No. 5:09–CR–85.**

United States District Court,
N.D. New York.

Nov. 28, 2011.

Richard S. Hartunian, United States Attorney, Of Counsel: Carlos A. Moreno, Esq., Asst. United States Attorney, Albany, NY.

Office of Stanley L. Cohen, Stanley L. Cohen, Esq., Of Counsel: New York, NY, for Defendant.

### MEMORANDUM—DECISION and ORDER

DAVID N. HURD, District Judge.

## I. INTRODUCTION

On February 18, 2009, a single-count indictment was filed charging defendant Kevin R. Wells ("defendant" or "Wells"), who had previously been convicted of misdemeanor unlawful imprisonment, with knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(9). Dkt. No. 5.

On April 27, 2011, Wells filed a motion to dismiss the indictment. Dkt. No. 29. The Government opposes the motion. Dkt. No. 35. The motion was considered on submit.

## II. FACTUAL BACKGROUND

On April 18, 2007, in the Massena Justice Court in St. Lawrence County, New York, Wells pleaded guilty to and was convicted of unlawful imprisonment in the second degree, a class A misdemeanor under New York Penal Law § 135.05. This conviction stemmed from a January 2007

incident during which Wells physically restrained his wife, allegedly to prevent her from assaulting him or leaving the family residence in an intoxicated state.

In September 2007 Wells filled out a firearms transaction form in order to purchase a hunting rifle from a licensed firearms dealer. On the form, Wells indicated that he had never been convicted of a misdemeanor crime of domestic violence. Approximately three days later he took possession of the firearm.

## III. DISCUSSION

Defendant seeks dismissal of the indictment on the following grounds: (1) the indictment does not allege that he was in a domestic relationship with the victim of the predicate domestic violence misdemeanor; (2) the indictment violates his Second Amendment right to bear arms; and (3) unlawful imprisonment is not a proper predicate offense for purposes of 18 U.S.C. § 922(g)(9).

### A. *Failure to Allege a Domestic Relationship*

It is undisputed that the victim of the January 2007 unlawful imprisonment was defendant's wife, Stephanie Wells. Defendant nonetheless argues that the indictment must be dismissed because it fails to sufficiently allege that he was involved in a domestic relationship with the victim of the predicate crime.

An indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c). "An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he

must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis,* 952 F.2d 686, 693 (2d Cir.1992). Further, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Alfonso,* 143 F.3d 772, 776 (2d Cir.1998) (internal quotation marks omitted).

To ultimately obtain a conviction in a § 922(g)(9) prosecution, "the Government must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way." *United States v. Hayes,* 555 U.S. 415, 426, 129 S.Ct. 1079, 1087, 172 L.Ed.2d 816 (2009). In *Hayes,* the Court held that the existence of a domestic relationship need not be an element of the predicate offense to support a conviction under § 922(g)(9). *Id.* at 421, 129 S.Ct. at 1084. The Court did not decide whether such a relationship must be specifically alleged in an indictment charging a violation of § 922(g)(9). However, the Court has held that a legal term of art that is further defined in the statute provides sufficient notice to the defendant of the charge against him, and the various component parts of the legal definition need not be alleged in the indictment. *Hamling v. United States,* 418 U.S. 87, 118–19, 94 S.Ct. 2887, 2908, 41 L.Ed.2d 590 (1974). As "misdemeanor crime of domestic violence" is a legal term of art that is further defined in § 921(a)(33)(A),[1] its specific components need not be alleged in the indictment to constitute sufficient

---

1. A "misdemeanor crime of domestic violence" is an offense that includes, inter alia, "the use or attempted use of physical force

... by a current or former spouse." 18 U.S.C. § 921(a)(33)(A) (2006).

notice to defendant of the charge against him.

■ Moreover, the indictment contains sufficient information to satisfy its practical purposes. It charges:

That on or about September 26, 2007, in the State and Northern District of New York, the Defendant, KEVIN R. WELLS, who had been convicted of a misdemeanor crime of domestic violence, to wit: on April 18, 2007, WELLS was convicted of Unlawful Imprisonment in the 2nd Degree, in violation of New York Penal Law 135.05, did knowingly possess in and affecting interstate and/or foreign commerce a Browning Bar .270, semi-automatic rifle. . . .

In violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2). This language tracks that of the statute[2] and states the approximate time and place of the alleged crime, providing sufficient detail to inform Wells of the charge he must defend against. Further, even though it does not specifically allege a domestic relationship, the indictment sufficiently identifies the predicate domestic violence crime as the unlawful imprisonment offense for which Wells was convicted on April 18, 2007. Wells cannot seriously argue that he is unaware of the circumstances surrounding this conviction or his relationship to the victim. Indeed, both Wells and his wife attached affidavits to the current motion describing in detail the facts of this incident. See Def.'s Mem. of Law, Exs. B & C, Dkt. No. 29–2.

Defendant's reliance on *United States v. Kavoukian*, 315 F.3d 139 (2d Cir.2002), is misplaced. In *Kavoukian*, "[t]here [was] no information in the indictment, the plea hearing transcript, or the statement of conviction describing the nature of the relationship between Defendant and his victim." *Id.* at 141.[3] Here, it is undisputed that the victim of the January 2007 unlawful imprisonment was defendant's spouse. Indeed, the statement of conviction specifically instructed Wells to abide by an order of protection entered in favor of Stephanie Wells and ordered him to engage in marriage counseling. Def.'s Mem. of Law, Ex. D, Dkt. No. 29–2.

In short, the indictment contains sufficient language and detail to inform Wells of the current charge pending against him. It also provides sufficient notice of the specific predicate domestic violence crime, the victim of which was undeniably Wells's wife. The indictment thus serves its intended purpose.

## B. *Second Amendment*

Defendant argues that § 922(g)(9) is unconstitutional as applied in this case because it violates his Second Amendment right to bear arms.

By enacting § 922(g)(9), Congress saw fit to extend the reasonable ban on the possession of firearms by felons to anyone convicted of a domestic violence crime. Defendant does not claim that such an extension is per se unconstitutional.[4] In

2. Section 922(g)(9) makes it "unlawful for any person—who has been convicted in any court of a misdemeanor crime of domestic violence, to ... possess in or affecting [interstate or foreign] commerce, any firearm."

3. The *Kavoukian* court "suggest[ed] that, on remand, the district court consider whether the indictment's failure to allege a domestic relationship between Defendant and the vic-

tim of his previous offense requires resubmission to the grand jury." *Id.* at 145. However, the court expressed no view on that particular issue, which neither party had raised on appeal. *Id.*

4. Such an argument would fail as various circuits have upheld the constitutionality of § 922(g)(9) in post-*Heller* cases. *See, e.g., United States v. Booker*, 644 F.3d 12, 26 (1st

---

fact, Wells cites *District of Columbia v. Heller,* 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and acknowledges that the Second Amendment right is subject to certain reasonable restrictions. Instead, he asserts that the purpose of § 922(g)(9)—to keep guns out of the hands of persons who have engaged in domestic violence—is not served in his particular case because his predicate crime was not one of violence.

Wells pleaded guilty to the misdemeanor of unlawful imprisonment. In his attached affidavit, Wells acknowledges that he physically "grabbed" and restrained his wife during an altercation. This belies his current argument that he did not use any physical force or violence. Defendant's attempt to characterize his actions as "protective" and justified is undercut by his voluntary guilty plea. Moreover, Wells was apparently intoxicated during the altercation, evidenced by his driving while intoxicated conviction stemming from the same incident. His argument that it is unconstitutional to restrict his Second Amendment right to bear arms because he has not engaged in an act of domestic violence is thus unpersuasive.

### C. *Unlawful Imprisonment as a Predicate Offense*

Defendant next argues that the misdemeanor crime of unlawful imprisonment in the second degree is not a proper predicate offense for purposes of § 922(g)(9) because it is technically possible to be convicted of this crime without using physical force.

Where, as here, the statutory language of a predicate crime allows for conviction based on both violent and non-

violent conduct, a court may look to documents in the record to determine which statutory phrase the defendant was convicted under. *Johnson v. United States,* —— U.S. ——, 130 S.Ct. 1265, 1273, 176 L.Ed.2d 1 (2010). As noted above, Wells forcibly grabbed his wife during an argument and physically restrained her. He admits as much in his affidavit. Further, the charging information alleged that Wells "did forcibly restrain his wife" and "did repeatedly subject his wife to physical contact to restrain her." Government's Mem. of Law, Ex. A, Dkt. No. 35–1. This undermines defendant's assertion that he did not use any physical force or violence during the incident that ultimately resulted in his conviction for unlawful imprisonment. Therefore, this misdemeanor offense is an appropriate predicate for purposes of § 922(g)(9).

### IV. *CONCLUSION*

The indictment contains sufficient language and detail to inform Wells of the current charge pending against him as well as the underlying predicate crime. It is undeniable that defendant's wife was the victim of the predicate unlawful imprisonment crime. Moreover, Wells used physical force and violence against his wife during the altercation that ultimately resulted in his predicate misdemeanor conviction.

As a result of the above, it is

ORDERED that defendant Kevin R. Wells's motion to dismiss the indictment (Dkt. No. 29) is DENIED.

IT IS SO ORDERED.

Cir.2011); *United States v. Skoien,* 614 F.3d 638, 645 (7th Cir.2010) (en banc), *cert. denied,* —— U.S. ——, 131 S.Ct. 1674, 179 L.Ed.2d 645 (2011); *United States v. White,* 593 F.3d 1199, 1206 (11th Cir.2010).