UNITED STATES of America

v.

Jose MUNOZ, Defendant.

No. 12–CR–31 (VM).

United States District Court,
S.D. New York.

Signed Oct. 27, 2014.

Hadassa Robyn Waxman, Timothy Donald Sini, United States Attorney Office, New York, NY, for United States of America.

Mark Steven Demarco, Mark S. Demarco Law Office, Bronx, NY, Colleen Quinn Brady, Colleen Quinn Brady, Esq., New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Jose Munoz ("Munoz") asks this Court to conduct an *in camera* review of the grand jury presentation and to dismiss the seventh superseding indictment filed April 10, 2013 (the "S7 Indictment"), charging him with conspiring to commit and committing Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and brandishing a firearm in connection with the Hobbs Act robbery charged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(C)(i) and 2. Having reviewed the parties' submissions [1], the Court finds Munoz's arguments without merit and denies his motion to dismiss the Indictment.

On December 12, 2011, a Grand Jury returned an initial indictment, 11–CR–1062

---

1. The submissions before the Court include the following documents and any exhibits attached thereto: Defendant's Letter Motion Seeking to Dismiss the Indictment, dated October 9, 2014 ("Def. Letter Mot."); and the Government's Letter Motion in Opposition to Defendant Munoz's Motion to Dismiss the Indictment, dated October 20, 2014 ("Gov't Letter Mot.").

(BSJ), charging Munoz with distribution and possession with intent to distribute crack cocaine. On May 15, 2012, the Grand Jury returned a superseding indictment, S1 11–CR–1062 (BSJ) (the "S1 Indictment"), charging Munoz with multiple counts relating to a Hobbs Act robbery that occurred "in or about 2009." The Government has stated that the "in or about 2009" time period alleged in the S1 Indictment was based in part on information provided by a cooperating witness, CW–1. (Gov't Letter Mot. 1.)

After the S1 Indictment was returned, a second cooperating witness, CW–2, provided additional information to the Government about Munoz that led the Government to believe the alleged robbery occurred in 2010 instead of 2009. That information, according to the Government, was the basis for the S7 Indictment, which charged Munoz with multiple counts relating to a Hobbs Act robbery "in or about the late summer of 2010." (Gov't Letter Mot. 2–3.) Additionally, the Government learned that Munoz was incarcerated in 2009, indicating that CW–1's information as to the timeframe was erroneous. The Government then disclosed the error to the defense, and has stated that it will not proceed against Munoz on the S1 Indictment. (Gov't Letter Mot. 3.)

Munoz asks this Court to review *in camera* the grand jury presentation for the superseding indictment, and he further moves to dismiss the Indictment. Munoz argues that because the Government "failed to inform the second grand jury that the evidence regarding Mr. Munoz's participation in the robberies derived from a source that had previously provided false, misleading and inflammatory information," the second grand jury presentation was "defective, illegal and improper." (Def. Letter Mot. 2.) First, Munoz argues that the second grand jury heard "infor-

mation received from the same government informant" who had initially indicated to the Government that the alleged robbery occurred in 2009. (Def. Letter Mot. 3.) Indeed, Munoz's main argument for persuading the Court to review the grand jury presentation is that the "evidence of these crimes presumably amounts to the accounts of a previously unreliable government informant." (Def. Letter Mot. at 4). Second, Munoz argues that the prosecution was "obligated" to disclose to the second grand jury the "erroneous and misleading information about his involvement in crimes committed in 2009." (Def. Letter Mot. 4.)

To address Munoz's first argument, the Government has stated, in no uncertain terms, that the S7 Indictment was based in part on information from a second confidential informant, CW–2.

■ As to Munoz's second argument, the Government was not obligated to disclose CW–1's error to the second grand jury. Munoz's assertions do not amount to a showing of the type of extreme prosecutorial misconduct that would warrant dismissal. *United States v. Williams*, 504 U.S. 36, 46–50, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (finding that although a federal court's "supervisory power can be used to dismiss an indictment because of misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions," the federal courts do not have the supervisory authority to "prescribe" a requirement that the prosecutor disclose exculpatory evidence to the grand jury (internal quotation omitted)).

The conduct at issue here—the failure to disclose an earlier error of a confidential informant to the second grand jury—is

substantially different from the prosecutorial misconduct warranting dismissal of the indictment in *United States v. Hogan,* 712 F.2d 757, 761–62 (2d Cir.1983), which Munoz cites to in his submission. (Def. Letter Mot. 2.) In *Hogan,* the prosecution "presented extensive hearsay and double hearsay speculation" that "added a false aura of factual support to the government's case," the prosecutor characterized the defendant as a "hoodlum" as well as a suspect in two murders when he had not been charged with those offenses, and the prosecution introduced false and misleading testimony of DEA agents. *Id.*

Here, Munoz alleges that the prosecution failed to disclose to the grand jury that one confidential informant had previously provided incorrect information as to the timeframe of the alleged robbery. This omission does not arise to the level of prosecutorial misconduct envisioned by the Second Circuit in *Hogan;* furthermore, the Supreme Court in *Williams* found that it is not within the federal courts' supervisory power over the grand jury to formulate rules requiring the disclosure of exculpatory evidence to the grand jury.

■ Under the applicable standard, the Court does not consider the sufficiency of the evidence at this early stage in the proceedings, but rather relies on the legal sufficiency of the indictment itself. *See United States v. Alfonso,* 143 F.3d 772, 776 (2d Cir.1998). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Thus, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Alfonso,* 143 F.3d at 776 (*quoting United States v. Stavroulakis,* 952 F.2d 686, 693 (2d Cir.1992)). The Court finds that the S7 Indictment itself is legally sufficient, and that Munoz presents no evidence to suggest otherwise.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Jose Munoz (Dkt. No. 919) requesting the Court to conduct an *in camera* review of the grand jury presentation and to dismiss the Indictment herein is DENIED.

**SO ORDERED.**

**T.E., O.C., and D.C., et al., Plaintiffs,**