VICTOR MARRERO, United States District Judge.
Defendants Baktash Akasha Abdalla and Ibrahim Akasha Abdalla (collectively, the "Akasha Brothers" or "Defendants") separately move to dismiss the indictment against them. (See"Baktash Motion," Dkt. No. 75; "Ibrahim Motion," Dkt. No. 77.) The Akasha Brothers urge the Court to dismiss the indictment, arguing that the Court lacks jurisdiction over them and venue is improper. Defendant Baktash Akasha Abdalla also moves for various forms of pretrial relief. (See Baktash Motion at 2.) Defendant Ibrahim Akasha Abdalla joins in his co-defendant's motion.
*584 (See Ibrahim Motion at 1.) Because the Court has jurisdiction over the prosecution of the Akasha Brothers and because the motions for pretrial relief are either premature or moot, the Akasha Brothers' Motions are DENIED.
I. BACKGROUND
The Akasha Brothers, along with Gulam Hussein, Vijaygiri Anandgiri Goswami, and Muhammad Asif Hafeez, are charged with orchestrating an international narcotics conspiracy based in Kenya, with a distribution network that included the United States. (See"Superseding Indictment," Dkt. No. 55.) On July 2, 2018, the Court denied the Akasha Brothers' motion to compel the Government to produce documents related to their extradition and/or expulsion from Kenya. See United States v. Akasha Abdalla, 317 F.Supp.3d 786 (S.D.N.Y. 2018) (the "July Order"). The facts and procedural history are set forth in greater detail in the July Order, familiarity with which is presumed.
The Akasha Brothers now move to dismiss the Superseding Indictment pursuant to Rules 12(b)(2) and 12(b)(3)(A)(i) of the Federal Rules of Criminal Procedure ("Rule 12(b)(2)" and " Rule 12(b)(3)(A)(i)," respectively). (See"Baktash Mem.," Dkt. No. 76; Ibrahim Motion). The Akasha Brothers argue that the Court lacks jurisdiction over their prosecution because: (1) the Government "manufactured" jurisdiction when CS-1 told the Akasha Brothers that CS-1 wanted to import narcotics into the United States, and (2) the Akasha Brothers' removal from Kenya constituted a violation of the Kenya-U.S. Extradition Treaty that divested the Court of jurisdiction. (See Baktash Mem. at 4-18; Ibrahim Motion at 3-5.) Defendants also argue that the Court should dismiss the Superseding Indictment because the Government does not allege that the Akasha Brothers committed any overt acts in the United States, thus making venue in the Southern District of New York improper. (See Baktash Mem. at 18-20; Ibrahim Motion at 6.)
Defendant Baktash Akasha Abdalla, joined by Defendant Ibrahim Akasha Abdalla, also requests various forms of pretrial relief. First, the Akasha Brothers move to suppress any pretrial identifications as well as any in-court testimony that would identify the Defendants, arguing that such identifications would be impermissibly suggestive and unreliable. (See Baktash Mem. at 20-21.) Second, the Akasha Brothers move to suppress any statements they made to the Government while they were under custodial interrogation, arguing that any such statements were made in violation of their Miranda rights. (See id. at 21-22.) Third, the Akasha Brothers move to preclude any potential evidence of their prior crimes and prior criminal or immoral acts, arguing that the introduction of such evidence would have a disproportionately prejudicial impact on the Defendants. (See id. at 23.) Fourth, the Akasha Brothers request the immediate disclosure of various Brady and Giglio materials, arguing that Defendants require such disclosure to prepare for trial. (See id. at 24-26.)
In opposition, the Government argues that the Akasha Brothers' motions to dismiss the Superseding Indictment should be denied because the motions are based on arguments related to their removal from Kenya, arguments which the Court has already found to be without merit, and because venue has been sufficiently established. (See"Government Opp'n," Dkt. No. 80, at 7-18.) In support of its position, the Government submits a sworn declaration from Hamisi Salim Massa, an assistant inspector general of police in Kenya's National Police Service, stating that Kenya independently (and without participation *585 by U.S. officials) decided and acted to expel the Akasha Brothers from Kenya. (See"Massa Declaration," Dkt. No. 80-1.)
The Government also opposes the Akasha Brothers' requests for pretrial relief. First, the Government argues that the Akasha Brothers' request to preclude pretrial identifications should be denied because there are no pretrial identification procedures to suppress, and there is no basis for precluding in-court identification testimony during trial. (See Government Opp'n at 25-27.) Second, the Government argues that the Akasha Brothers' request to suppress any statements they made to the Government while they were under custodial interrogation by the DEA is moot because the Government will not offer any such statements at trial. (See id at 27.) Third, the Government argues that the Akasha Brothers' motion to preclude any potential evidence of their prior crimes and prior criminal or immoral acts is premature because the Government will provide notice pursuant to Rule 404(b) of the Federal Rules of Evidence prior to trial. (See id. at 27.) Fourth, the Government argues that it is in compliance with its Brady and Giglio discovery obligations, and the Akasha Brothers are not entitled to earlier disclosures. (See id. at 18-25.)
In reply, Baktash Akasha Abdalla argues that the Government fails to establish that the Akasha Brothers were "expelled" from Kenya, and the orders from the High Court of Kenya prohibiting Kenyan Law Enforcement Agents from removing the Akasha Brothers from the jurisdiction of the Kenyan courts constitute an objection by Kenya to the removal of the Akasha Brothers to the United States. Defendant also argues that the Government "manufactured" jurisdiction because the actions taken by Baktash Akasha Abdalla differ from those taken by the defendant in the case on which the Government relies, United States v. Campo Flores, No. 15 Cr. 765, 2017 WL 1133430 (S.D.N.Y. Mar. 24, 2017). (See"Baktash Reply," Dkt. No. 81.)
In reply, Ibrahim Akasha Abdalla argues that the Superseding Indictment should be dismissed because it fails to allege that Defendant committed a requisite jurisdictional act of the charged offenses. Defendant argues that venue is improper because the Superseding Indictment does not allege that any offense took place in the Southern District of New York. Ibrahim Akasha Abdalla also urges the Court to disregard the Massa Declaration. (See"Ibrahim Reply," Dkt. No. 82.)
II. DISCUSSION
A. Motions to Dismiss for Lack of Jurisdiction
Rule 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). On a pretrial motion to dismiss an indictment pursuant to Rule 12(b), the Court takes the allegations in the indictment as true. See United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985). In addition, "[a]n indictment must be read to include facts which are necessarily implied by the specific allegations made." United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992).
Rule 7(c) of the Federal Rules of Criminal Procedure provides that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). Under the applicable standard, the Court does not consider the sufficiency of the evidence at this early stage in the proceedings, but rather focuses on the legal sufficiency of the indictment itself without looking any further. See *586 United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) ; see also United States v. D'Amelio, 683 F.3d 412, 418 (2d Cir. 2012) (holding that the "core of criminality" of an offense about which a defendant must be on notice "involves the essence of a crime, in general terms. [and] the particulars of how a defendant effected the crime falls [sic] outside that purview."). Thus, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Alfonso, 143 F.3d at 776 (quoting Stavroulakis, 952 F.2d at 693 ).
The Akasha Brothers move to dismiss the Superseding Indictment for lack of jurisdiction, arguing that jurisdiction does not exist because the Government "manufactured" jurisdiction when CS-1 told the Akasha Brothers that CS-1 wanted to import narcotics into the United States. (Baktash Mem. at 4-7; Ibrahim Motion at 3-5.) As a result, the Akasha Brothers contend, each offense lacks an adequate U.S. nexus. (See id.) Yet, as the Government notes, "the 'manufactured jurisdiction' concept is properly understood not as an independent defense, but as a subset of three possible defense theories: (i) the defendant was entrapped into committing a federal crime, since he was not predisposed to commit the crime in the way necessary for the crime to qualify as a federal offense ...; (ii) the defendant's due process rights were violated because the government's actions in inducing the defendant to commit the federal crime were outrageous ...; or (iii) an element of the federal statute has not been proved, so federal courts have no jurisdiction over the crime." United States v. Wallace, 85 F.3d 1063, 1065-66 (2d Cir. 1996) (internal citations omitted).
To satisfy the first theory, the Akasha Brothers must demonstrate entrapment as a matter of law, i.e., they must "prove[ ] that: (1) the government originated the criminal design, (2) the government suggested the design to the defendant and induced him to adopt it, and (3) the defendant had no predisposition to engage in the criminal design prior to the government's inducement." United States v. Al Kassar, 660 F.3d 108, 119 (2d Cir. 2011). The Akasha Brothers have failed to prove they had no predisposition to engage in narcotics trafficking prior to CS-1's inducement. According to the Government, the Akasha Brothers were "well-known, notorious gangsters in Kenya." (Government Opp'n at 2.) It therefore cannot be said as a matter of law that the Akasha Brothers were not predisposed to conspire to import narcotics into the United States.
Under the second theory, the Akasha Brothers "must show that the government's conduct is so outrageous that common notions of fairness and decency would be offended were judicial processes invoked to obtain a conviction." Al Kassar, 660 F.3d at 121 (internal citations omitted). Here, too, the Akasha Brothers' argument fails because the outrageous conduct to which the Akasha Brothers object was the conduct of Kenyan officials, not the U.S. government. See Akasha Abdalla, 317 F.Supp.3d at 794 ("these allegations, if true, charge only Kenyan officials with violent conduct against Ibrahim Akasha Abdalla [and] [t]he Akasha Brothers do not claim that they suffered any violence, custodial interrogation, or torture at the hands of United States officials").
*587 Under the third theory, "even if the government initiates an essential element of a crime, jurisdiction is not manufactured if the defendant then takes voluntary actions that implicate the [government-initiated] element." Al Kassar, 660 F.3d at 120 (internal citations omitted). It would be premature for the Court to decide this issue given that the Government asserts it has not yet made "a full proffer of the evidence it intends to present at trial." (Government Opp'n at 14.) The Court is therefore not convinced that dismissal of the Superseding Indictment is warranted based on a theory of "manufactured jurisdiction."
Neither has the Court been divested of jurisdiction due to a violation of the Kenya-U.S. Extradition Treaty. In its July Order, the Court determined that the Akasha Brothers "lack[ed] standing to raise a violation of the Extradition Treaty, and ... any such challenge would lack merit if they did have standing to raise it." Akasha Abdalla, 317 F.Supp.3d at 794. On the present motions, the Akasha Brothers adduce no new evidence to counter the Court's prior determination that no violation of the Kenya-U.S. Extradition Treaty has occurred. Because the Akasha Brothers' motion to dismiss the Superseding Indictment is based on an assertion that the Court has already rejected, the Court holds that the Superseding Indictment is legally sufficient and declines to dismiss it on that basis.
B. Motions to Dismiss for Improper Venue
The Akasha Brothers move to dismiss the Superseding Indictment pursuant to Rule 12(b)(3)(A)(i), which provides that improper venue "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b) (3) (A) (i). Under both Article III and the Sixth Amendment to the United States Constitution, "[t]he Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3 ; see also U.S. Const. Amend. VI ; United States v. Ramirez, 420 F.3d 134, 138 (2d Cir. 2005). Accordingly, Rule 18 of the Federal Rules of Criminal Procedure provides that the "government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. If a defendant is charged with more than one count, venue must be proper with respect to each individual charge. See United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1188 (2d Cir. 1989).
Prior to trial, the Government "need only allege that criminal conduct occurred within the venue, 'even if phrased broadly and without a specific address or other information.' " United States v. Ohle, 678 F.Supp.2d 215, 231 (S.D.N.Y. 2010) (citing United States v. Bronson, No. 05 Cr. 714, 2007 WL 2455138, at *4 (E.D.N.Y. Aug. 23, 2007) ). "[T]he Government's burden is limited to showing that the indictment alleges facts sufficient to support venue." United States v. Peterson, 357 F.Supp.2d 748, 751 (S.D.N.Y. 2005).
The Government has satisfied this burden. "The trial of all offenses begun or committed ... elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought." 18 U.S.C. § 3238. The Superseding Indictment includes six Counts alleging offenses "begun outside the jurisdiction of any particular State or district of the United States." (Superseding Indictment ¶¶ 1, 4, 7, 8, 9, 11.) Each of those six Counts further alleges that the defendants "were first brought to and arrested in the Southern *588 District of New York." (Id.) Because the Superseding Indictment alleges that the offenses described in Counts One through Six of the Superseding Indictment began outside the jurisdiction of any particular State or district, venue in the Southern District of New York is properly alleged.
Count Seven of the Superseding Indictment alleges a violation of 18 U.S.C. § 1512(c) (2). (Id. ¶ 12.) Specifically, the Indictment alleges that the violation constituted an "effort to avoid extradition to the United States for official proceedings in the Southern District of New York." (Id. ¶ 13.) "A prosecution under [ 18 U.S.C. § 1512 ] may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected." 18 U.S.C. § 1512(i). Because the Superseding Indictment alleges that the offense described in Count Seven was intended to affect an official proceeding in the Southern District of New York, venue is properly alleged.
C. Motions for Pretrial Relief
1. Pretrial Identifications
The Akasha Brothers ask the Court to suppress any pretrial identifications, as well as any in-court testimony that would identify the Defendants. In support of that motion, the Akasha Brothers assert only that "there is no sufficiently reliable 'independent source' " for in-court identification testimony. (Baktash Mem. at 20-21.) The Government represents that it will not offer any "photo arrays or similar pre-trial identification techniques" at trial. (Government Opp'n at 25.) The Government also represents that the anticipated in-court identifications are sufficiently reliable to be admissible. (See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 25-26.) Because the Akasha Brothers "[rely] simply on statements that are general, conclusory, and based on conjecture," they "fail[ ] to demonstrate any disputed issues of fact that warrant a pretrial hearing concerning the reliability of an anticipated in-court identification." United States v. Dames, 380 F.Supp.2d 270, 275 (S.D.N.Y. 2005). As such, the Akasha Brothers' request to suppress such evidence is denied as moot, in part, and premature, in part.
2. Miranda Statements
The Akasha Brothers move to suppress any statements they made to the Government while they were under custodial interrogation, asserting that any such statements were obtained in violation of Defendants' Miranda rights. (See Baktash Mem. at 21-22.) The Government represents that it will not offer "any statements made by the Akasha Brothers to DEA personnel after the defendants were taken into custody by the DEA in Kenya." (Government Opp'n at 27.) As such, the Court denies the Akasha Brothers' motion as moot.
3. Evidence of Prior Crimes and Prior Criminal or Immoral Acts
The Akasha Brothers ask the Court to exclude any potential evidence of their prior crimes and prior criminal or immoral acts pursuant to Rules 403 and 609 of the Federal Rules of Evidence. (See Baktash Mem. at 23.) The Government represents that it will provide notice pursuant to Rule 404(b) of the Federal Rules of Evidence by September 21, 2018. (See Government Opp'n at 27.) Until it is known whether and how the Government intends to use the evidence of the Akasha Brothers' prior crimes and prior criminal or immoral acts at trial, the Court denies the Akasha Brothers' motion to preclude the admittance of such evidence as premature.
4. Expedited Government Disclosure or Production
Finally, the Akasha Brothers request the immediate disclosure of various Brady *589 and Giglio materials. (See Baktash Mem. at 24-26.) Defendants argue that expedited production of certain discovery materials is warranted to permit Defendants a reasonable opportunity to prepare for trial. (See id. at 24.) The Government represents that it has complied with its Brady obligations, and that it will continue to do so. (See Government Opp'n at 19.) The Government also represents that it will produce Giglio materials no later than October 15, 2018. (See id. at 19-20.) Based on these representations, the Court is satisfied that the Government is meeting its Brady and Giglio obligations and denies the Akasha Brothers' motions. See United States v. Canter, 338 F. Supp. 2d 460, 462 (S.D.N.Y. 2004).
III. ORDER
For the reasons stated above, it is hereby
ORDERED that the Motions (Dkt. Nos. 75 & 77) of defendants Baktash Akasha Abdalla and Ibrahim Akasha Abdalla to dismiss the indictment and for various forms of pretrial relief are DENIED.
SO ORDERED.